ALFRED H. TUCKER *v.* CHARLOTTE L. TUCKER

[No. 322, September Term, 1976.]

*Decided May 11, 1977.*

The cause was argued before GILBERT, C. J., and POWERS and DAVIDSON, JJ.

*Roy B. Cowdrey, Jr.*, for appellant.

*Samuel Lyles Freeland* for appellee.

D AVIDSON, J., delivered the opinion of the Court.

On 8 July 1968, in the Circuit Court for Talbot County, Judge Harry E. Clark entered a decree which granted the appellee, Charlotte L. Tucker (wife), an absolute divorce from the appellant, Alfred H. Tucker (husband), and awarded her custody of the parties' two minor children. The decree further provided, in pertinent part, that the husband should provide child support and that he should "pay for all medical expenses incurred by the said Charlotte L. Tucker, either for her own use or for that of the minor children." No appeal was filed.

On 15 April 1975, pursuant to Rule 625 a, the husband filed a "Motion to Revise Decree" alleging that that portion of the 1968 decree requiring him to pay medical expenses "was and is void and without legal force or effect and was entered by mistake of law." On 7 May 1975, at a hearing held before Judge James A. Wise, he presented evidence to show that there had not been an agreement between the parties for his payment of medical expenses and argued that the court therefore lacked jurisdiction to require him to pay those expenses. In an opinion and order entered on 6 June 1975, the chancellor found that there was an agreement between the parties and explicitly determined that at the time it entered its 1968 decree, the court had jurisdiction to order the husband to pay medical expenses. He denied the husband's motion for revision. No appeal was filed.

On 8 March 1976, Judge Clark held a hearing to determine whether the husband was in contempt of court for failure to make some of the medical payments. The husband defended in part on the ground that the 1968 decree was null and void and subject to collateral attack at any time because the court lacked jurisdiction to issue that part of its decree which required him to pay medical expenses. The chancellor sustained the wife's objections to a line of questions asked for the purpose of establishing the court's lack of

jurisdiction at the time of the 1968 decree. He found that the question of the court's jurisdiction at the time of the 1968 decree had been litigated and determined in the 1975 proceeding, and that under the doctrine of *res judicata* that issue could not be relitigated. The chancellor entered an order finding the husband to be in contempt of court, and, among other things, ordered the payment of arrearages. This appeal is from that order.

Here, as in the court below, the husband contends that the 1968 decree was null and void and subject to collateral attack at any time because the court lacked jurisdiction to issue that part of the decree which required him to pay medical expenses. Relying on *Travelers Indemnity Co. v. Nationwide Construction Corp.*,[1] and *Thomas v. Hardisty*,[2] he maintains that the doctrine of *res judicata* is not applicable to and does not bar relitigation of a jurisdictional question.

A judgment is void unless the court which renders it has jurisdiction over the parties or the property and the subject matter. A judgment which is void because of a lack of jurisdiction may be collaterally attacked at any time.[3]

There are exceptions to this rule. If there has been a judicial determination that the court rendering a judgment has jurisdiction, the doctrine of *res judicata* applies and precludes a collateral attack upon that judgment. As stated in the Restatement of Judgments:[4]

"5 j. Effect of ruling by the court as to its jurisdiction. Although a judgment would otherwise be void because of the lack of jurisdiction of the court over the parties or over the subject matter, and would therefore be open to collateral attack, yet if the court determines that it has jurisdiction, the parties may be precluded from collaterally

1. 244 Md. 401, 224 A. 2d 285 (1966).

2. 217 Md. 523, 143 A. 2d 618 (1958).

3. Thomas, *supra*, 217 Md. at 536-37, 143 A. 2d at 625. *See* Bringe v. Collins, 274 Md. 338, 351, 335 A. 2d 670, 678 (1975); Long v. Long, 62 Md. 33, 62 (1884); Restatement of Judgments § 5 (1942).

4. § 5 j and § 10 d (1942).

attacking the judgment on the ground that the determination by the court of its jurisdiction is res judicata between them.

"10 d. Where jurisdiction in one action is determined in a subsequent action. The principle underlying the rule stated in this Section is applicable where the question of the jurisdiction of the court over the subject matter is determined not by the court which renders the judgment but by another court. Thus, if a judgment by default is rendered against a defendant for the payment of a sum of money, and in a subsequent action brought upon the judgment the defendant contends that the judgment was void for want of competency of the court, and it is determined that the judgment was valid, and judgment is given for the plaintiff, the defendant cannot thereafter collaterally attack the judgment rendered in the first action, since the validity of the judgment became res judicata by the decision in the second action."

This exception has been recognized by the Court of Appeals. In *Messall v. Merlands Club, Inc.,*[5] that Court in dictum said:

"We might also point out that it seems to be well established that where the issue of jurisdiction is raised and determined in favor of the jurisdiction, the ensuing judgment on the merits is not open to later collateral attack on the jurisdictional issue, whether or not the determination therein was erroneous."

We now hold that the principles of *res judicata* apply to a jurisdictional question when that question has actually been raised, litigated and determined in favor of jurisdiction.[6]

---

5. 244 Md. 18, 36, 222 A. 2d 627, 637, *cert. denied,* 386 U. S. 1009 (1966).

6. The question of whether a judgment may be attacked collaterally when the issue of jurisdiction could have been but was not previously raised, litigated or decided is not before us and is not considered here.

Applying these principles to the instant case produces a clear result.

This Court in *Felger v. Nichols*,[7] discussed the doctrine of *res judicata.* There we said:

> "In Maryland, the doctrine of *res judicata*, or estoppel by judgment, consists of two branches: direct estoppel by judgment, and collateral estoppel by judgment. The doctrine of direct estoppel by judgment establishes that in a subsequent action between the same parties upon the same cause of action, claim or demand, or subject matter, a judgment rendered on the merits constitutes an absolute bar, not only as to all matters which were actually raised, litigated and determined in the former proceeding, but also as to all matters which could have been raised and litigated. . . .

> "The doctrine of collateral estoppel by judgment establishes that where a second action between the same parties is upon a different 'cause of action,' the judgment in the previous action operates as a bar only as to those matters actually litigated and determined in the original action and is not conclusive as to matters which might have been but were not litigated and determined in the previous action. Under this doctrine, as under the doctrine of direct estoppel, the matters actually determined in the previous proceeding may have been raised directly or as a matter of defense." (Citations omitted.)

Under either the doctrine of direct or collateral estoppel, all matters actually raised, litigated and determined in the former proceedings constitute a bar in subsequent proceedings between the same parties.

Here, the record shows that the question of jurisdiction was raised, litigated and determined in a former proceeding. In support of his 1975 motion to revise the 1968 decree, the

---

7. 35 Md. App. 182, 183-84, 370 A. 2d 141, 142-43 (1977).

husband presented evidence to show that at the time of the 1968 proceeding there had not been an agreement between the parties for his payment of medical expenses. He argued that the court therefore lacked jurisdiction to require him to pay those expenses. The chancellor found that there was an agreement between the parties and that the court had jurisdiction to enter the 1968 decree. The question of the trial court's jurisdiction having been raised, litigated and determined in favor of jurisdiction, the chancellor's judgment denying the motion to revise the 1968 decree barred the jurisdictional question from subsequent relitigation in a suit between the same parties.

*Judgment affirmed.*
*Costs to be paid by appellant.*