653 A.2d 446

John P. O'HEARN

v.

Jennifer A. O'HEARN.

No. 39, Sept. Term, 1994.

Court of Appeals of Maryland.

Feb. 7, 1995.

Paul W. Ishak, Bel Air, for petitioner.

E. Harrison Stone, Royston, Mueller, McLean & Reid, on brief, Towson, for respondent.

Argued before MURPHY, C.J., and ELDRIDGE, RODOWSKY, CHASANOW, KARWACKI, BELL and RAKER, JJ.

KARWACKI, Judge.

This case involves a separation agreement, which was not under seal but was incorporated into a divorce decree, that provides for the payment by the husband of certain medical and dental expenses of his children. The issue presented is whether an action brought by the wife, seeking to recover a judgment for such expenses, is subject to the general three-year statute of limitations set forth in Maryland Code (1974,

1989 Repl.Vol.), § 5–101 of the Courts and Judicial Proceedings Article (hereinafter CJ) or to the twelve-year period of limitations provided for specialties in CJ § 5–102(a).[1]

I

John and Jennifer O'Hearn ("John" and "Jennifer") were divorced on April 23, 1981, by a decree which incorporated a separation agreement that they had executed earlier that day. Under the agreement, John was to pay those bills not covered by insurance incurred for the medical treatment of the parties' children and for bills incurred with his express consent for their orthodontic needs.

Jennifer filed a petition for contempt on December 2, 1991, seeking arrearages in alimony and child support, and contending that John had not paid their children's medical and orthodontic bills incurred since the divorce. In response, John asserted laches and limitations as defenses and filed a motion for partial summary judgment on the limitations issue.

Jennifer answered the motion and contemporaneously filed an "Amended Complaint to Enforce Child Support Obligations," requesting that John be held in contempt for his failure to pay medical and orthodontic bills incurred less than three years prior to December 2, 1991, and a monetary judgment against John for the unpaid medical bills incurred more than three years prior to that date. When the court declined to rule on the summary judgment motion, a full hearing on the issues raised by the parties was scheduled, and

---

1. Maryland Code (1974, 1989 Repl.Vol.), § 5–102(a) of the Courts and Judicial Proceedings Article (hereinafter CJ) provides:

"(a) *Twelve-year limitation.*—An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:
(1) Promissory note or other instrument under seal;
(2) Bond except a public officer's bond;
(3) Judgment;
(4) Recognizance;
(5) Contract under seal; or
(6) Any other specialty."

the parties entered into a stipulation by which they agreed on the dates and amounts of the bills in question.[2]

At the hearing, John argued that the bills incurred more than three years prior to December 2, 1991, were barred by the statute of limitations. Jennifer responded that the bills should be treated in the same manner as alimony and child support obligations. If she could bring an action for unpaid child support and alimony to obtain a judgment for amounts over three years old, while bringing a contempt action for amounts less than three years old, Jennifer argued that the same reasoning should apply to the medical bills.

The trial court agreed with Jennifer and on May 21, 1993, entered judgment against John for the amount of the bills incurred more than three years prior to December 2, 1991. As to those bills rendered within three years of December 2, 1991, the court ruled that the "Petition for Contempt will be dismissed if [they] are paid by June 10, 1993." John appealed that judgment to the Court of Special Appeals. Proceeding on an expedited basis pursuant to Maryland Rule 8–207, John presented a single issue to the intermediate appellate court:

"Whether or not the defense of the statute of limitations bars the recovery of those medical expenses incurred less than twelve years after the date of the Divorce Decree, but more than three years prior to the filing of the Petition for Contempt."

The Court of Special Appeals answered that question in the negative and affirmed. It reasoned:

---

2. The parties agreed that there were three categories of medical and orthodontic bills: (1) Drs. Pakula and Davik in the amount of $2,976.00, of which $1,459.00 was incurred more than three years prior to December 2, 1991; (2) Drs. Geating and McCambridge in the amount of $698.00, of which $365.00 was incurred more than three years prior to the December 2, 1991; (3) Dr. Thomas A. McInnes, D.D.S., in the amount of $5,400.00, which was presented to John for payment on October 10, 1988, and a separate bill in the amount of $270.00. In the course of his appeal to the Court of Special Appeals, John agreed that his consent to the orthodontic bills was not an issue.

"Our review of *Marshall* [v. Marshall, 164 Md. 107, 163 A. 874 (1933) ], *Bradford* [v. Futrell, 225 Md. 512, 171 A.2d 493, (1961) ] and *Miller* [v. Miller, 70 Md.App. 1, 519 A.2d 1298 (1987) ] leads us to conclude that, contrary to appellant's position that the twelve-year limitation is 'carefully confined' to unpaid periodic installment payments only, these cases are premised upon the fact that in each instance there was a judgment or decree entered by the trial court."

*O'Hearn v. O'Hearn,* 99 Md.App. 537, 543, 638 A.2d 1192, 1195 .(1994). Having granted John's petition for certiorari to review that judgment, we shall affirm.

## II

John contends that all claims for unliquidated amounts are governed by the three-year statute of limitations, citing *Bradford v. Futrell,* 225 Md. 512, 171 A.2d 493 (1961), for the proposition that the twelve-year statute of limitations must be "carefully confined" to unpaid periodic installment payments. As the bills in this case were allegedly unliquidated and contested, he argues that reliance on *Marshall v. Marshall,* 164 Md. 107, 163 A. 874 (1933) and *Miller v. Miller,* 70 Md.App. 1, 519 A.2d 1298 (1987) is misplaced, because those cases did not address unliquidated periodic payments.

John also asserts that Md.Code (1991), § 10–102 of the Family Law Article [3] and CJ § 5–111 [4] directly answer the question at issue in this case, because, in John's words, those

---

**3.** Md.Code (1984, 1991 Repl.Vol.), § 10–102 of the Family Law Article provides:

"**§ 10–102. Statute of limitations for contempt proceeding.**
A contempt proceeding for failure to make a payment of child or spousal support under a court order shall be brought within 3 years of the date that the payment of support became due."

**4:** CJ § 5–111 provides:

"**§ 5–111. Contempt proceeding for failure to pay child or spousal support.**
A proceeding to hold a person in contempt of court for the person's default in payment of periodic child or spousal support under the terms of a court order shall be commenced within 3 years of the date each installment of support became due and remained unpaid."

sections "limit the power and authority of a trial court to enforce its orders to those claims commenced within three years of the date that a payment became due." John contends that *Boucher v. Shomber,* 65 Md.App. 470, 501 A.2d 97 (1985), decided prior to *Miller,* also answers the question raised in this appeal, because in that case the court applied the three-year statute of limitations to a proceeding for failure to make child support payments. John further asserts that, although the annotations for § 10–102 of the Family Law Article and CJ § 5–111 refer the reader to *Miller,* that case is not controlling in the instant case, because *Miller* "did not concern the enforcement of a decree that had incorporated a separation agreement."

The code sections upon which John relies address only contempt actions, but John attempts to convince us that they are applicable here because a contempt proceeding is the only method of enforcing a divorce decree. As a natural consequence of that argument, John concludes that the statute of limitations for contempt proceedings must apply in this case. He also draws a distinction between liquidated and unliquidated arrearages, contending that only liquidated amounts can be enforced through judgment and that unliquidated amounts requiring a contempt proceeding are at issue in this case.

Jennifer responds that the proceedings below were not for contempt, and a judgment was actually obtained for expenses incurred after the original divorce decree of April 23, 1981. As this was not a contempt case, Jennifer argues that *Boucher* is inapposite, urging us to adopt the reasoning in *Miller* and hold that the twelve-year statute of limitations applies to all obligations under a divorce decree where the specific remedy requested is one other than contempt.

### III

In *Marshall v. Marshall,* 164 Md. 107, 163 A. 874 (1933), we described the procedures to be followed in a claim for arrearages in support payments:

"Preliminary to an execution on a decree like the one now under consideration, a proceeding to ascertain the amount of the unpaid installments, and the existence of the conditions upon which its enforcement is dependent, would be essential.... Until the passage of an order determining the amount due and authorizing execution, the decree would not become a lien on the defendant's property, but would only have the effect of an adjudication of liabilities thereafter maturing at stated periods. Upon a proper petition and order such a decree may be enforced by execution or attachment as to all unpaid installments which may have become due within the preceding twelve years. When a supplemental order to that end is procured, it should be docketed and indexed as an original decree or judgment creating a lien."

*Id.* at 116, 163 A. at 877. The divorce decree in *Marshall* provided that the husband was to pay fifty dollars to the plaintiff each month for the support of herself and their children. The defendant stopped making the payments, and when he later acquired an interest in a personal estate, the plaintiff sought recovery of the arrearages. As the plaintiff had followed the proper procedure, and twelve years had not passed, we held that her claim was not barred by limitations.

Jennifer followed the same procedure in the case at bar. The decree of divorce was a judgment that Jennifer sought to reduce to a monetary amount. She sought that remedy for those bills that had been incurred more than three years, but less than twelve years, prior to December 2, 1991. Jennifer succeeded and obtained a money judgment for those amounts. As she sued on a judgment, the twelve-year statute of limitations applied.

John contends that *Marshall* "broadcasted that unpaid installments or liquidated sums were to be treated differently from other provisions in a decree." *Marshall* did address liquidated sums specifically, but only because that was the character of the sums at issue in that case. No distinction was drawn, however, between liquidated and unliquidated

arrearages, and we find no support for making such a distinction now for statute of limitations purposes.

As Jennifer points out, other unliquidated obligations are subject to the twelve-year statute of limitations imposed by CJ § 5–102(a), such as those created by contracts under seal. In *Kaliopulus v. Lumm*, 155 Md. 30, 141 A. 440 (1928), the parties had signed a contract under seal which contained a covenant not to compete. Five years after the contract was signed, the plaintiff sought to enforce that clause, and we applied the twelve-year statute of limitations for specialties. *Id.* at 40, 141 A. at 445.

We again visited this issue in *Bradford*, a case in which a wife sought child support arrearages against her former husband. There, we held that her claim was subject to the twelve-year statute of limitations applicable to specialties, noting that *Marshall* was the controlling precedent:

> "[*Marshall* decided that] 'continuing periodical installment payments of money under a decree were not barred by limitations as to those which had severally become due within the twelve years next preceding the proceedings for enforcement.' "

*Bradford*, 225 Md. at 523, 171 A.2d at 499 (quoting *Winkel v. Winkel*, 178 Md. 489, 506, 15 A.2d 914, 922 (1940)). Although liquidated amounts were at issue in that case, liquidated and unliquidated sums were again not distinguished.

*Miller* is the most recent case addressing the limitations issue in this context, and it also involved an action for recovery of child support arrearages. The husband in *Miller* asserted that CJ § 5–111, which established "3 years limitations for commencing a contempt-of-court action against a parent in default on court-ordered child support or against a spouse in default on court ordered spousal support" was controlling. The Court of Special Appeals disagreed, however, noting that

> "[t]his was not a contempt case. There was absolutely no request on the part of the wife to hold the husband in contempt for failure to make child support payments. Rather, the wife sought a judgment for child support ar-

rearages. The statute of limitations for contempt proceedings simply does not apply."

*Miller,* 70 Md.App. at 20, 519 A.2d at 1308. The court also reasoned:

"The wife received an order from the Circuit Court for Prince George's County in 1970 requiring the husband to pay support payments in the amount of $250.00 per month. Because the attempt to recover such payments in a criminal contempt proceeding resulted in a not guilty finding in 1973, the arrearages to which this action relates are those accruing subsequent to the date of that action. There is then a child support order setting the amount of the payments due. The statute of limitations did not begin to run as to any payment until the payment became due. And because the statute of limitations for each payment is twelve years, the arrearages that the wife could recover are those for which the twelve year statute of limitations has not yet run."

*Id.* at 21–22, 519 A.2d at 1308.

John's argument is similar to that espoused by the defendant in *Miller.* Further, John contends that Jennifer should not be able to, in effect, choose the applicable limitations period by seeking judgment for arrearages rather than contempt. We disagree. Jennifer chose to bring a contempt proceeding only for sums which accrued less than three years prior to December 2, 1991. As she was seeking to reduce the divorce decree to a monetary judgment for the remaining amounts, the statute of limitations for contempt proceedings is not applicable. The twelve-year statute of limitations for specialties that has been applied to child support arrearages is applicable here to her claim for judgment for those sums which accrued more than three years prior to December 2, 1991.

Moreover, *Boucher* is not apposite here, because that also was a case concerning the statute of limitations for a contempt proceeding. The petitioner in *Boucher* sought contempt for expenses incurred more than three years prior to the filing of the petition. The Court of Special Appeals upheld the trial

court's ruling that the three-year statute of limitations for contempt proceedings applied. Although a money judgment was awarded for those amounts incurred less than three years prior to the petition, the statute of limitations for contempt proceedings applied because that was the remedy sought by the petitioner.

> "Therefore, it is clear that the court here was not holding Mr. Boucher in contempt but was instead properly determining the relative rights and obligations of the parties to its prior decree. Consequently, the chancellor, contrary to the arguments of the appellant, was not holding Mr. Boucher in contempt for failure to pay an indefinite sum. If the definite sum of $16,084.83 is not satisfied by Mr. Boucher, the fourth stage of *Kemp* [*v. Kemp*, 287 Md. 165, 411 A.2d 1028 (1980) ]—that of an actual finding of contempt—would then be proper upon petition."

*Boucher,* 65 Md.App. at 479, 501 A.2d at 101–02. This is exactly the same analysis to be applied in the instant case.

> "Once the court decides to incorporate an agreement between the parties as part of its decretal relief, something which it does not necessarily have to do, particularly as to provisions relating to children, the agreement is included within the order and is enforceable as a valid provision of the decree."

*Kemp,* 287 Md. at 175, 411 A.2d at 1034 (citations omitted). In this case, incorporation made the obligations assumed by John under the separation agreement part of the decree of divorce, which was a judgment. Jennifer sought reduction of that original judgment to an aggregate award, not a finding of contempt. As Jennifer sued on a judgment, the twelve-year limitation period of CJ § 5–102(a) was properly applied to the action on that specialty.

> *JUDGMENT AFFIRMED. COSTS TO BE PAID BY PETITIONER.*