45 A.3d 305

**SHENG BI**

v.

**Delores A. GIBSON.**

**No. 1663, Sept. Term, 2010.**

Court of Special Appeals of Maryland.

June 4, 2012.

---

Greg G. Lee, Potomac, MD (Stacey Martin–Howard, Towson, MD, on the brief), for Appellant.

Mark R. Brown (H. Barritt Peterson, Jr. & Associations, on the brief), Towson, MD, for Appellee.

Panel: WOODWARD, GRAEFF and J. FREDERICK SHARER (Retired, Specially Assigned), JJ.

SHARER, J.

In this appeal we are asked to consider whether a civil action, filed within the three year statute of limitations, but later voluntarily dismissed by the plaintiff more than three years from the date of the injury, can be re-filed and escape the bar of the statute of limitations.[1] We answer that question in the negative. What would seem to be certain to most was apparently not so to appellant, Sheng Bi. Hence, we shall discuss the issue.

---

1. In his brief, appellant asks:
 1. Can Maryland Rule 2–506(a) be construed to require that a notice of voluntary dismissal of an action be filed within the statute of limitation period and, specifically, within three years of the date of the accrual of the action in a personal injury case?
 2. Does Maryland Courts and Judicial Proceedings Article Section 5–101 require that the same action be refiled within the original statute of limitation period in this case?

## FACTS and PROCEEDINGS

Alleging that he suffered bodily injury as a result of an automobile collision that occurred in Baltimore City on April 4, 2005, appellant filed a complaint against appellee, Delores A. Gibson, in the Circuit Court for Baltimore City on March 12, 2008. That complaint was timely filed, as limitations did not run until April 4, 2008. For some reason, unexplained in the record, appellant, by counsel, entered a voluntary dismissal of the complaint on September 10, 2008. That dismissal was filed before appellee filed an answer (and perhaps before appellee was served with the complaint).

Subsequently, on March 6, 2009, appellant, by counsel, filed a complaint in negligence against appellee, alleging the same facts that were said to support the earlier-filed complaint in 2008. Appellee responded by filing a motion to dismiss based on the statute of limitations as provided in Md.Code (2006 Repl.Vol.) Courts & Judicial Proceedings ("CJ") § 5–101 ("A civil action at law shall be filed within three years from the date it accrues....")

Subsequent to several filings that are not relevant to the issue before us, the circuit court granted appellee's motion to dismiss. Appellant moved for revision, which the circuit court denied on August 23, 2010. Appellant's notice of appeal followed on September 22, 2010.

## DISCUSSION

The Maryland statute of limitations is codified at CJ § 5–101, which provides:

> A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.

█ In *Doe v. Archdiocese of Washington*, 114 Md.App. 169, 176, 689 A.2d 634 (1997), we pointed out that

> The purposes of statutes of limitations are to provide adequate time for a diligent plaintiff to bring suit as well as

to ensure fairness to defendants by encouraging prompt filing of claims. Statutes of limitations thus strike a balance between protecting the interest of a plaintiff who pursues his claim diligently and allowing repose to a potential defendant. They are intended to ensure fairness of preventing 'stale' claims.

(internal citations and quotations omitted). Moreover, statutes of limitations are to be strictly construed and courts will decline to apply strained construction that evades the effect. *Decker v. Fink,* 47 Md.App. 202, 206, 422 A.2d 389 (1980).

There are, of course, several well delineated exceptions to the three-year statute of limitations: fraud, disability of a plaintiff, application of the "discovery" rule, for example. None of those exceptions, however, is remotely applicable to the facts before us.

█ Appellant argues that:

Maryland Courts and Judicial Proceedings Article Section 5–101 on its face addresses the issue of timing only as to the commencement of the initial action and not to the refiling of such an action. Appellant filed Complaint 1 in accordance with this section.

Appellant's Complaint 2 is essentially a restatement of Complaint 1 and it is neither a separate action nor an action based on different claims. The trial court erred precisely because it based its decision on Complaint 2 as a separate and distinct claim. In fact, the claim stated in Complaint 2 not only relates back to that alleged in Complaint 1, they are exactly one and the same.

Appellant further implicates Md. Rule 2–506(a)[2] as permitting a refiling of the same claim, after dismissal, asserting that

---

2. **Rule 2–506. Voluntary dismissal.**

(a) **By notice of dismissal or stipulation.** Except as otherwise provided in these rules or by statute, a party who has filed a complaint, counterclaim, cross-claim, or third-party claim may dismiss all or part of the claim without leave of court by filing (1) a notice of dismissal at any time before the adverse party files an answer or (2) by filing a

"[i]f such claimant were not permitted to refile the action thereafter, his/her rights would permanently be impaired. . . ." Maryland Rule 2–506 relates to voluntary dismissal and provides no authority regarding limitations.

Appellant essentially reads into CJ § 5–101 the ability to construe his re-filed complaint as "relating back" to the first-filed complaint. In support of his argument, appellant points out that other jurisdictions have enacted statutes that would permit filing a second complaint under the facts of this case. Specifically, at oral argument, he posited that several states, including Virginia,[3] Illinois,[4] and North Carolina,[5] have enacted

stipulation of dismissal signed by all parties to the claim being dismissed.

3. Virginia's relation back statute is codified at Va.Code Ann. § 8.01–229(E) (2007 Repl.Vol.), and provides in pertinent part:

(3) If a plaintiff suffers a voluntary nonsuit as prescribed in § 8.01–380, the statute of limitations with respect to such action shall be tolled by the commencement of the nonsuited action, and the plaintiff may recommence his action within six months from the date of the order entered by the court, or within the original period of limitation, or within the limitation period as provided by subdivision B 1, whichever period is longer. This tolling provision shall apply irrespective of whether the action is originally filed in a federal or a state court and recommenced in any other court, and shall apply to all actions irrespective of whether they arise under common law or statute.

4. Illinois's relation back statute is codified at 735 Ill. Comp. Stat. Ann. 5/13–217 (West 2011). The prior version of this statute provided:

In the actions specified in Article XIII of this Act or any other act or contract where the time for commencing an action is limited, if judgment is entered for the plaintiff but reversed on appeal, or if there is a verdict in favor of the plaintiff and, upon a motion in arrest of judgment, the judgment is entered against the plaintiff, or **the action is voluntarily dismissed by the plaintiff,** or the action is dismissed for want of prosecution, or the action is dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue, then, whether or not the time limitation for bringing such action expires during the pendency of such action, the plaintiff, his or her heirs, executors or administrators may commence a new action within one year or within the remaining period of limitation, whichever is greater, after such judgment is reversed or entered against the plaintiff, or after the action is voluntarily dismissed by the plaintiff, or the action is dismissed for want of prosecution, or the action is

relation back statutes that extend the time period for filing a complaint after an original complaint is voluntarily dismissed without prejudice. While we recognize that other jurisdictions have enacted such statutes, Maryland has not done so. The enactment of such a statute is a matter of public policy left to the discretion of the General Assembly. We reject appellant's invitation to establish such a policy judicially.

 Hence, in Maryland, following the voluntary dismissal of a civil action without prejudice, a second complaint based upon the same facts still must be filed within the applicable limitations period, absent assertions of fraud, implication of the discovery rule, or other recognized exceptions.

As noted by appellant, an exception to this rule is set forth in CJ § 5–119,[6] but that statute specifically excludes from its

---

dismissed by a United States District Court for lack of jurisdiction, or the action is dismissed by a United States District Court for improper venue.
(Emphasis added.)
The statute was amended by Public Act 89–7 to exclude actions voluntarily dismissed by the plaintiff or for want of prosecution; however, that act was held unconstitutional by the Illinois Supreme Court in *Best v. Taylor Machine Works*, 179 Ill.2d 367, 228 Ill.Dec. 636, 689 N.E.2d 1057 (1997), calling into question the validity of the current version of the statute.

5. North Carolina's relation back statute is codified at N.C. Gen.Stat. § 1A–1, Rule 41 (2011) and provides in pertinent part:
 (a) **Voluntary dismissal; effect thereof.—**
 (1) **By Plaintiff; by Stipulation.—**Subject to the provisions of Rule 23(c) and of any statute of this State, an action or any claim therein may be dismissed by the plaintiff without order of court (i) by filing a notice of dismissal at any time before the plaintiff rests his case, or; (ii) by filing a stipulation of dismissal signed by all parties who have appeared in the action. Unless otherwise stated in the notice of dismissal or stipulation, the dismissal is without prejudice, except that a notice of dismissal operates as an adjudication upon the merits when filed by a plaintiff who has once dismissed in any court of this or any other state or of the United States, an action based on or including the same claim. If an action commenced within the time prescribed therefor, or any claim therein, is dismissed without prejudice under this subsection, a new action based on the same claim may be commenced within one year after such dismissal unless a stipulation filed under (ii) of this subsection shall specify a shorter time.

purview "a voluntary dismissal of a civil action or claim by the party who commenced the action or claim." Accordingly, no provision exists that would permit the untimely filing of appellant's second complaint.

We are reminded that

[t]he courts are required to enforce the Statute of Limitations as adopted by the Legislature and have no authority to create an unauthorized exception merely on the ground that such exception would be within the spirit or reason of the statute.

*Young v. Mayne Realty Co.*, 48 Md.App. 662, 666, 429 A.2d 296 (1981) (citing *McMahan v. Dorchester Fertilizer Co.*, 184 Md. 155, 40 A.2d 313 (1944)).

We hold, therefore, that neither CJ § 5–101 nor Md. Rule 2–506 provide appellant with the ability to avoid the bar of limitations where he voluntarily dismissed his complaint and filed an identical claim, based on the same facts, more than three years after the accrual of the action.

Therefore, we shall affirm the judgment of the circuit court.

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED. COSTS ASSESSED TO APPELLANT.**

---

6. CJ § 5–119 provides:

**§ 5–119. Limitation on refiling claim dismissed without prejudice.**
(a) *Scope.*—(1) This section does not apply to a voluntary dismissal of a civil action or claim by the party who commenced the action or claim.

(2) This section applies only to a civil action or claim that is dismissed once for failure to file a report in accordance with § 3–2A–04(b)(3) of this article.

(b) *Refiling of claim after dismissal.*—If a civil action or claim is commenced by a party within the applicable period of limitations and is dismissed without prejudice, the party may commence a new civil action or claim for the same cause against the same party or parties on or before the later of:

(1) The expiration of the applicable period of limitations;

(2) 60 days from the date of the dismissal; or

(3) August 1, 2007, if the action or claim was dismissed on or after November 17, 2006, but before June 1, 2007.