**REPORTED**

IN THE COURT OF SPECIAL APPEALS

OF MARYLAND

No. 284

September Term, 2014

ON MOTION FOR RECONSIDERATION

_____

RASHAD AHMAD JASON

v.

NATIONAL LOAN RECOVERIES, LLC

Meredith,
Graeff,
Friedman,

JJ.

Opinion by Meredith, J.

Filed: April 1, 2016

This appeal flows from a suit for damages and declaratory relief filed in the Circuit Court for Baltimore City by Rashad Ahmad Jason ("Jason"), appellant, against National Loan Recoveries, LLC ("National Loan"), appellee.[1] Appellee moved to dismiss the complaint as time barred, and the circuit court granted that motion. Jason appealed.

## QUESTIONS PRESENTED

The "Questions Presented" in Jason's brief were framed as follows:

1. Did the Circuit Court err in holding that the Plaintiff's claims for declaratory relief were untimely when they sought a declaration that outstanding judgments obtained by Defendant were void?

2. Did the Circuit Court err in granting a Motion to Dismiss the Plaintiff's declaratory judgment claims without entering a declaratory judgment?

3. Did the Circuit Court err in applying the three year limitation to Plaintiff's claims for unjust enrichment relating to judgments obtained by the Defendant?

4. Did the Circuit Court err in determining that the Plaintiff's claims under the [Maryland Consumer Debt Collection Act] were time barred?

We answer "yes" to question 1, which obviates the need for us to address question 2. In response to question 3, we conclude that a claim of unjust enrichment is subject to the three-year statute of limitations, but, because the record was not clear as to the date of National Loan's alleged enrichment, the circuit court erred in granting the motion to dismiss on that count. We answer "no" to question 4. We will affirm in part and reverse in part, and we will remand the case for further proceedings.

---

[1]An unreported opinion was previously filed in this case on December 15, 2015. That opinion is withdrawn and is superseded by this reported opinion.

**PROCEDURAL AND FACTUAL BACKGROUND**

In late 2008, National Loan, a "debt buyer," purchased Jason's credit card debt, as to which Jason was then in default. On January 29, 2009, National Loan filed a lawsuit against Jason in the District Court of Maryland for Baltimore City to collect that debt. At the time it filed suit against Jason, National Loan did not have a license to act as a debt collection agency in Maryland, and did not obtain a license in Maryland until September 10, 2010. The standing of National Loan to pursue collection of Jason's debt was apparently never challenged in the District Court. On March 31, 2009, the District Court entered a judgment in favor of National Loan in the amount of $1,323.39 plus $60.00 in costs and $1,051.65 for pre-judgment interest, based upon an affidavit filed by National Loan. Notice of the judgment was mailed to Jason on March 31, 2009.

On April 16, 2009, the District Court issued a writ of garnishment that was served upon Jason's bank. Jason moved to dismiss the garnishment on April 30, 2009, but assets sufficient to satisfy the judgment were paid through garnishment on a date that does not appear in the record. On December 13, 2011, the District Court clerk made a docket entry confirming that the judgment against Jason had been satisfied.

On July 30, 2013, Jason filed a complaint captioned "CLASS ACTION COMPLAINT" in the Circuit Court for Baltimore City, seeking relief for actions taken by National Loan in Maryland prior to the date it became licensed as a debt collection agency on September 10, 2010. Although Jason was the sole plaintiff identified by name in the complaint, he claimed that he was filing the suit "On his Behalf and on Behalf of a Class of

2

Persons Similarly Situated." He alleged in the complaint that, if the court certified the case to proceed as a class action pursuant to Maryland Rule 2-231, the proposed class would include "those persons sued by National Loan in Maryland state courts from October 30, 2007 through September 9, 2010 for whom National Loan obtained a judgment for an alleged debt, interest or costs, including attorney's fees in its favor in an attempt to collect a consumer debt." The circuit court never acted on Jason's request to certify his case to proceed as a class action.[2]

The complaint included five counts. In Count I, the complaint asserted that National Loan "is not entitled to any interest from the Plaintiff Class Members on the purported debts since it was acting unlawfully as an unlicensed collection agency." The relief requested in this count included a declaration that National Loan was not entitled to interest on any judgment "obtained illegally," and an injunction ordering National Loan "to disgorge all interest amounts collected from Plaintiff Class Members" based upon judgments that had been obtained while National Loan had acted as a collection agency without a Maryland license. Count II was similar to Count I, but sought relief relative to any costs and attorney's fees National Loan had obtained as a result of judgments entered against Plaintiff Class

---

[2]As we observed in *Cutler v. Wal-Mart Stores, Inc*., 175 Md. App. 177, 188 (2007), "there is no statutory or constitutional right to pursue by way of a class action the various claims that were the subject of appellants' complaint. Rather, a class action is a procedural device, created by the judiciary's adoption of a court rule to facilitate management of multiple similar claims. Maryland Rule 2-231 provides that the circuit court may order pursuit of claims by way of a class action if certain requirements are met." (Footnote omitted.)

Members during the time National Loan had acted as a collection agency without a Maryland license.

Count III sought a declaration that National Loan "did not have legal standing to obtain any judgment in Maryland Courts against [Jason] and Plaintiff Class Members," as well as a declaration that the judgments it did obtain prior to being licensed were "void and unenforceable." In addition to the request for declaratory relief, Count III included a request for injunctive relief requiring National Loan to "disgorge all judgment amounts" it had collected as a result of acting as an unlicensed collection agency.

Count IV alleged that National Loan had been unjustly enriched by the "acceptance and retention" of any sums it had received as a result of its actions to enforce void judgments. This count included a claim for a money judgment and attorney's fees.

Count V asserted that the actions National Loan had taken to collect debts in Maryland before being licensed to do so constituted violations of Maryland Code (1975, 2005 Repl. Vol.), Commercial Law Article ("Comm. Law"), § 14-201, *et seq*. (also known as the Maryland Consumer Debt Collection Act), and Comm. Law § 13-101, *et seq*. (the Maryland Consumer Protection Act). Under the Consumer Protection Act, Comm. Law § 13-301(14)(iii), "[u]nfair or deceptive trade practices include any . . . [v]iolation of a provision of . . . the Maryland Consumer Debt Collection Act." Count V requested a money judgment for the violations of the Maryland Consumer Debt Collection Act, and attorney's fees and litigation expenses pursuant to Comm. Law § 13-408.

National Loan moved to dismiss the suit for failure to state a claim, arguing that Jason's complaint was filed after the three-year statute of limitations had expired. Suit was filed on July 30, 2013, and National Loan argued that all of the events that Jason complained of occurred more than three years before his complaint was filed. National Loan urged the court to find that Jason's claims were therefore barred by the statute of limitations generally applicable to civil actions in Maryland. *See* Maryland Code (1973, 2013 Repl. Vol.), Courts and Judicial Proceedings Article ("CJP"), § 5-101.[3]

Following a hearing, the circuit court concluded that Jason's claims all arose from conduct that occurred more than three years prior to the time he filed suit, and the court granted National Loan's motion to dismiss based upon the statute of limitations. Jason filed this timely appeal.

## DISCUSSION

### I. Claims for declaratory relief.

Appellant's first two questions relate to the claims for declaratory relief. In Counts I, II, and III, Jason asserted that the judgment entered against him on March 31, 2009, was void because National Loan was not licensed as a debt collector in Maryland as of the date of the judgment. In *Finch v. LVNV Funding, LLC*, [hereinafter "*Finch*"], 212 Md. App. 748, 758, *cert. denied*, 435 Md. 266 (2013), we observed that "Maryland law requires a debt

---

[3]National Loan made two additional arguments that were not the basis of the circuit court's dismissal, and are therefore not before us. National Loan asserted that it was not required to be licensed as a debt collector in order to file suit against Jason on a debt that National Loan "owned." And National Loan also asserted that there was no justiciable controversy because its claim against Jason had been satisfied.

collector to obtain a license." We further noted that "[a] Consumer Debt Purchaser that collects consumer claims through civil litigation is a 'collection agency' under Maryland law and required to be licensed as such." 212 Md. App. at 758 (quoting Md. State Collection Agency Licensing Bd. Advisory Notice 05-10, May 5, 2010). We held that "a judgment entered in favor of an unlicensed debt collector constitutes a void judgment as a matter of law." 212 Md. App. at 764. We explained: "Much like a complaint filed by a non-lawyer, 'a complaint filed by an unregistered collection agency is [ ] a nullity, and any judgment entered on such a complaint is void.'" 212 Md. App. at 761 (quoting *LVNV Funding, LLC v. Trice*, 352 Ill. Dec. 6, 952 N.E.2d 1232, 1236 (Ill. App.2011)).

National Loan does not dispute that it was unlicensed in Maryland at the time it filed suit and obtained its judgment against Jason (although it argued in the circuit court that it did not need to be licensed at the time it pursued the collection suit against Jason because it was acting on its own behalf). Considering the allegations in the complaint in the light most favorable to the plaintiff, we shall assume for purposes of this appeal (without deciding) that National Loan's judgment against Jason was a void judgment under our holding in *Finch*.

Pointing to language in *Finch* and cases cited therein, Jason asserts that a void judgment may be attacked through collateral proceedings "at any time." 212 Md. App. at 765, 768, and 769. Based on such statements in *Finch* and other cases, Jason contends that there is no statute of limitations that limited the period of time during which he could assert that the judgment National Loan obtained against him is void.

6

National Loan does not dispute that void judgments may be collaterally attacked. But National Loan argues that void judgments must be attacked — and any civil action seeking affirmative legal relief relative to void judgments must be filed — *within* the three-year statute of limitations generally applicable to civil actions. National Loan argues that Jason's reliance upon the "any time" language in *Finch* is misplaced because no statute of limitations defense was at issue in *Finch*, and, despite this Court's quotation of the "any time" language from *Tucker v. Tucker*, 35 Md. App. 710, 712 (1977), neither *Finch* nor *Tucker* actually *held* that an offensive collateral attack upon a void judgment could be instituted by a judgment debtor after the statute of limitations had run. National Loan contends that *Finch* merely confirmed that a judgment debtor's claim that a judgment is void and unenforceable may be raised as a *defense* at any time in "'proceedings in which it [*i.e.*, the judgment] is sought to be enforced.'" (Quoting *Cook v. Alexandria Nat'l Bank*, 263 Md. 147, 153 (1971)).

We agree with National Loan's assertion that *Finch* did not address the applicability *vel non* of statutes of limitation even though we said in *Finch* that "a void judgment may be assailed at all times and in all proceedings." 212 Md. App. at 765. Jason has not presented a Maryland case that is directly on point, *i.e.*, a case in which a judgment debtor initiated a suit against the judgment creditor more than three years after the entry of the allegedly void judgment. But cases from other jurisdictions support Jason's contention that a judgment debtor may seek to have a judgment declared void at any time. *See, e.g.*, *Brandt v. Brandt*, 76 Ariz. 154, 159, 261 P.2d 978, 981 (1953) ("We hold that the statute of limitation does not operate to bar an attack upon a void judgment."); *Allstate Ins. Co. v. Khani*, 75 Wash.

7

App. 317, 326-27, 877 P.2d 724, 729 (1984) ("A party will not be deemed to have waived the right to challenge a default judgment void for lack of personal jurisdiction merely because time has passed since the judgment was entered."). *See also Austin v. Smith*, 312 F.2d 337, 343 (D.C. Cir. 1962) ("[Federal Rule of Civil Procedure 60(b)(4)] places no time limit on an attack upon a void judgment, nor can such a judgment acquire validity because of laches on the part of him who applies for relief from it.").

Although, as we shall explain later in this opinion, it is possible that the passage of time could limit the *remedies* available to the judgment debtor who is the subject of a void judgment, there appears to be no time limit for asserting that a judgment is void. Consequently, the circuit court erred in dismissing Counts I, II, and III of the complaint. We shall reverse the order dismissing those three counts and remand the case for further proceedings.

We note, however, that, at this stage of the proceedings, we are addressing only the circuit court's ruling that, as a matter of law, Jason's complaint in the present case was barred by the statute of limitations. We agree with Jason that the statute of limitations did not preclude him from seeking a declaration that the judgment was void. But we express no opinion regarding the remedial relief he may be ultimately entitled to receive under Counts I, II, and III if he succeeds in persuading the court that National Loan's judgment was void.[4]

---

[4]Although Section 18 of the RESTATEMENT (THIRD) OF RESTITUTION AND UNJUST ENRICHMENT (2011) recognizes "a claim in restitution as necessary to avoid unjust enrichment" that may result if monies are paid "as a consequence of a judgment that is subsequently reversed or avoided," *Comment e* points out that "[a]n invalid or erroneous judgment that gives effect to a valid liability does not create unjust enrichment: the ensuing
(continued...)

In *United States v. One Toshiba Color Television*, 213 F.3d 147, 158 (3d Cir. 2000), the

court observed:

> Though we hold that laches is not available to preclude a claimant from attacking a void judgment, our holding is not to be construed as allowing a petitioner to sit on his or her rights. It is true that if a court is able to determine that a prior judgment is indeed void, it should declare it as such, but that does not mean that other remedies, such as the actual return of property or its cash value, are immune from defenses of waiver or laches.[5]

The nature and extent of any ancillary equitable remedy that might be ordered by a

court that declares a judgment void remains an open issue for the court to determine on

remand upon consideration of all of the facts and equities in the aggregate. Other than the

applicability of the statutes of limitation, no issues in this case are ripe for appellate review,

---

[4](...continued)
transfer has a sufficient legal basis in the underlying liability, notwithstanding the deficiencies of the judgment." Illustration 6 provides this example:

> A sues B to enforce a $5000 debt, obtaining a judgment that B satisfies. The judgment is subsequently determined to be void for want of jurisdiction. Before another court having jurisdiction over the parties, B seeks restitution of $5000; A establishes that the underlying $5000 debt was and remains legal, valid, and enforceable. B is not entitled to restitution.

[5] *See, e.g.*, RESTATEMENT (SECOND) OF JUDGMENTS § 74 (1982), *Comment c*, stating, with respect to circumstances that might support denial of relief from a void judgment:

> In the articulation of rules for dealing with this problem, no success has been achieved in attempts to state definitively the equities sufficient to overcome a prima facie case for equitable relief. . . . But there is solid authority for the proposition that relief should be denied from a judgment that is "void" if the equities are compelling enough. . . . The more reflective decisions recognize that the considerations stated in this Section [74] have to be considered in aggregate.

and we need not consider further in this appeal the theoretical possibility that there may be facts that could have an impact upon the availability of ancillary equitable relief.

**II. Unjust enrichment**

In support of Jason's third question on appeal, he asserts that his claim for damages for National Loan's unjust enrichment (Count IV) should not have been subject to a three-year statute of limitations, but should have been subject to either no statute of limitations or, at a minimum, the twelve-year period that is applicable to actions on a judgment. We disagree.

Jason argues in his brief in this Court that "there may not [*i.e.*, cannot] be any limitation on an action pertaining to a void judgment," and, in support of this argument, Jason quotes *Finch*, 212 Md. App. at 765, for the principle that "[a] judgment which is void may be collaterally attacked at any time." In the alternative, he asserts: "If Plaintiff's claims are subject to a statute of limitations, it can be no shorter than the one applicable to actions on judgments. [CJP] § 5-102(a)(3)." Although *Finch* states that "a judgment which is void may be collaterally attacked at any time," that proposition does not support Jason's argument that there is no statute of limitation applicable to *any* "action *pertaining to* a void judgment." The mere fact that Jason's claim of unjust enrichment pertains to his claim that there was a void judgment does not mean the unjust enrichment claim could be filed at any time irrespective of statutes of limitation.

Similarly, the fact that his claim for unjust enrichment pertains to his claim that he paid a void judgment does not mean that his claim for money damages is an "action on" a judgment within the scope of CJP § 5-102(a)(3). Section 5-102(a) provides:

(a) *Twelve-year limitation.* – An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:

(1) Promissory note or other instrument under seal;
(2) Bond except a public officer's bond;
(3) Judgment;
(4) Recognizance;
(5) Contract under seal; or
(6) Any other specialty.

Although several specialties are listed in CJP § 5-102(a), Jason's argument that a twelve-year time limit is applicable to his claims focused exclusively upon the specialty addressed in CJP § 5-102(a)(3), *i.e.*, an "action on" a judgment. Pursuant to CJP § 5-102(a)(3), the twelve-year statute of limitations has been applied in cases where the holder of a judgment has sought to enforce a judgment. *E.g., O'Hearn v. O'Hearn*, 337 Md. 292, 301 (1995) ("As [plaintiff] sued *on a judgment*, the twelve-year limitation period of CJ § 5-102(a) was properly applied to the action *on* that specialty.") (emphasis added). But, in our view, the limitation period applicable to an action "on" a "[j]udgment" (pursuant to CJP § 5-102(a)(3)) is not applicable to Jason's action to recover money or other remedial relief based upon the allegedly wrongful collection actions undertaken by National Loan. *Cf. Wellington Co., Inc. Profit Sharing Plan and Trust v. Shakiba*, 180 Md. App. 576, 603 (2008) ("[I]n determining whether [CJP] § 5–102 applies to a contract claim, a two-step

11

inquiry is required: (1) Is the contract a specialty? (2) Is the cause of action 'on' the specialty?"). *See Sheng Bi v. Gibson*, 205 Md. App. 263, 266 (2012) (holding that "courts will decline to apply strained construction [to statutes of limitation].").

The twelve-year statute of limitations, therefore, is not applicable to the unjust enrichment claim. Instead, the three-year statute of limitations set forth in CJP § 5-101 controls. *AGV Sports Group,* 417 Md. at 392; *Greene Tree Homeowners*, 358 Md. at 460-61.

This conclusion is supported by the Court of Appeals's application of CJP § 5-101 to a claim that was alleged to be a statutory specialty in *Master Financial, Inc. v. Crowder*, 409 Md. 51, 73 (2009). In *Master Financial*, addressing alleged violations of Maryland's Secondary Mortgage Loan Law, the Court of Appeals held that the plaintiffs' claims for civil penalties under Comm. Law § 12-413 met the test for qualifying as an "other specialty," subject to a twelve-year period of limitations under CJP § 5-102(a)(6). *Id*. at 72. But the Court held that the plaintiffs' claims to declare their mortgage loans void because of the statutory violations were not entitled to the longer limitation period because those claims were not actions "under" the statutory specialty. The Court explained the basis for applying different periods of limitation to these related claims:

> Unlike the claims based on [Comm. Law] § 12–413, the actions to declare the mortgage loans void or voidable because of SMLL [Secondary Mortgage Loan Law] violations are not based solely on the statute. **Although the basis for the relief sought arises from the statutory requirements, obligations, and prohibitions, the remedy is purely a common law one**, to invalidate a contract or other instrument on the ground of illegality. Under the standard enunciated above, a statutory claim does not constitute an "other specialty" under CJP § 5–102 unless the remedy sought for the violation is

12

available only **under** the statute, or a related statute. As that condition is not met, the actions to invalidate the loans are subject to the three-year period of limitations set forth in CJP § 5–101 and are therefore barred. Subject to proving their SMLL claims through evidence, plaintiffs may recover the statutory civil penalties but are no longer entitled to have the loans declared invalid.

409 Md. at 73 (emphasis added).

The claim for relief asserted in Count IV is not a claim under the judgment Jason seeks to invalidate. Rather, as National Loan points out, in Maryland, a claim for unjust enrichment that seeks the remedy of restitution of money is subject to the general three-year statute of limitations, citing *Ver Brycke v. Ver Brycke*, 379 Md. 669, 698 (2004), and *Baltimore City Bd. of School Com'rs v. Koba Institute, Inc.*, 194 Md. App. 400, 418 (2010) ("If sovereign immunity were not in the picture, we believe that the three-year period set forth in CJP § 5-101 would control an unjust enrichment claim."). In *Ver Brycke*, 379 Md. at 698 n.13, the Court of Appeals quoted Professor Dan Dobbs's observation that actions seeking restitution for money lost by the plaintiff "'are claims at law in every sense, first because they seek simply money relief, and second because they were historically brought in the separate law courts.'" (Quoting DAN B. DOBBS, LAW OF REMEDIES § 2.6(3) (2d ed.1993).) We relied on *Ver Brycke* to hold that a claim of unjust enrichment was barred by the three-year statute of limitations in *Ahmad v. Eastpines Terrace Apartments, Inc.*, 200 Md. App. 362, 376 (2011). The claim asserted in Count IV for money damages falls in this category, and is therefore subject to the general three-year statute of limitations.[6]

_____

[6]Because the circuit court agreed with National Loan's contention that Jason's claims of unjust enrichment are barred by the statute of limitations, the court did not consider

(continued...)

13

As CJP § 5-101 makes plain, a three-year statute of limitations is applicable to actions in the absence of another statute to the contrary. Section 5-101 mandates that — unless there is a specific exception under another provision of the Maryland Code — any civil action at law shall be filed within three years from the date it accrues. The statute provides:

> A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced.

*See also AGV Sports Group, Inc. v. Protus IP Solutions, Inc.*, 417 Md. 386, 392 (2010) (noting that the default statute of limitations in Maryland is three years); *Greene Tree Homeowners Ass'n, Inc. v. Greene Tree Assoc.* 358 Md. 453, 459-61 (2000) (noting that, when CJP § 5-101 was revised in 1974, it was intended to establish a blanket statute of limitations generally applicable to all civil actions, and any exceptions must be specifically granted by the legislature). We know of no other Maryland statute providing for a longer statute of limitations for asserting claims for money damages based upon unjust enrichment.

---

[6](...continued)
whether there might be any claim preclusion arising from Jason's failure to raise the licensing issue in the District Court at the time he challenged the garnishment. *Cf. Mostofi v. Midland Funding LLC*, 223 Md. App. 687, 701 (2015) (collateral attack was not permitted where jurisdictional argument had been raised and decided in the litigation leading to the judgment; we stated: "Having failed to convince one trial court that jurisdiction was a problem, and having failed to appeal, Mr. Mostofi does not get another bite at the apple, even if we were to assume that he was right (and we do not) about who owned his debt. His collateral attack on the underlying debt judgment, then, is barred under *res judicata*." But we further stated in *Mostofi*, 223 Md. App. at 703: "When a party tries to use one of these [consumer protection statutes such as the Maryland Consumer Debt Collection Act] to attack a judgment against him or her collaterally, . . . *res judicata*/claim preclusion normally bars the attack."). *Accord Tucker, supra*, 35 Md. App. at 712 ("If there has been a judicial determination that the court rendering a judgment has jurisdiction, the doctrine of *res judicata* applies and precludes a collateral attack upon that judgment.").

Under the discovery rule, Jason's claim of unjust enrichment "accrued" when he "knew or reasonably should have known of the wrong." *Poffenberger v. Risser*, 290 Md. 631, 636 (1981) (extending the discovery rule to all civil actions). But the evidence in the record at the time the circuit court granted National Loan's motion to dismiss does not clearly establish the date on which National Loan was allegedly enriched. We know the date judgment was entered against Jason (March 31, 2009, which was more than three years before Jason filed suit), and we know the date the judgment against Jason was declared satisfied (December 13, 2011, which was less than three years before Jason filed suit on July 30, 2013), but the record does not reflect the date on which National Loan received any funds attributable to its judgment against Jason.

Here, Jason's complaint — filed on July 30, 2013 — included the following allegation in Paragraph 29 regarding the date on which his claim against National Loan accrued: "Without the legal right or Collection Agency license to do so, on January 29, 2009, [National Loan] continued its business of collecting debts when it filed a consumer debt collection action in the District Court of Maryland for Baltimore City against Mr. Jason styled as *National Loan Recoveries, LLC v. Rashad Ahmad Jason*, Case No. 010100040112009 ('Jason Action')." The complaint further alleged in Paragraph 33 that, "in the Jason Action, a judgment was entered against Mr. Jason in the total sum of $2,633.55." In Paragraph 36 of the complaint, Jason alleged that National Loan "sought and obtained a Writ of Garnishment against Mr. Jason's property based upon its bogus and illegal judgment."

15

In support of National Loan's motion to dismiss, appellee filed with the court a copy of the docket entries from the Jason Action in the District Court. *See* Maryland Rule 5-201 (d) ("A court shall take judicial notice if requested by a party and supplied with the necessary information."). *See also* Maryland Rule 2-322(c) (" . . . If, on a motion to dismiss for failure of the pleading to state a claim upon which relief can be granted, matters outside the pleading are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 2-501, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 2-501.").

The District Court's docket entries confirmed the allegations made in Jason's complaint regarding the timing of National Loan's collection suit:  National Loan filed suit against Jason on January 29, 2009. According to the docket entries, judgment upon affidavit was entered against Jason on March 31, 2009, and notice was mailed to him on that date. A writ of garnishment was issued in April 2009, and Jason moved to dismiss the garnishment on April 30, 2009.

At the hearing on the motion to dismiss, counsel for National Loan argued that Jason's causes of action all accrued when suit was filed on January 29, 2009, but counsel reiterated that the District Court judgment against Jason was entered on March 31, 2009, and a writ of garnishment was issued in April 2009. Counsel for National Loan argued that either the initiation of the collection suit, or the entry of judgment in the collection action, or the issuance of a garnishment on the judgment put Jason on inquiry notice of his claims

16

against National Loan for wrongfully pursuing collection of a debt, and all of those events occurred more than three years before Jason filed suit in the Circuit Court for Baltimore City.

But, even if Jason was on inquiry notice no later than April 30, 2009, that National Loan was attempting to enforce a judgment against him, Jason could not pursue a claim of unjust enrichment until National Loan actually took possession of his funds. In PAUL MARK SANDLER & JAMES K. ARCHIBALD, PLEADING CAUSES OF ACTION IN MARYLAND, § 2.37 at 166 (5th ed. 2013), the authors state:

> To sustain a claim based upon unjust enrichment, the plaintiff must establish:
>
> 1)      A benefit conferred upon the defendant by the plaintiff;
>
> 2)      Appreciation or knowledge by the defendant of the benefit; and
>
> 3)      Acceptance or retention by the defendant of the benefit under such circumstances as to make it inequitable for the defendant to retain the benefit without payment of its value or the return of money, if money is improperly withheld.

*Accord Hill v. Cross Country Settlements, LLC*, 402 Md. 281, 295 (2007); *Mohiuddin v. Doctors Billing & Mgmt. Solutions*, 196 Md. App. 439, 449 (2010).

Here, no benefit was conferred upon National Loan by Jason until funds were transferred from Jason to National Loan. Because the record does not disclose that date, we cannot determine whether the unjust enrichment claim was timely filed. Consequently, the circuit court erred in dismissing Count IV as time-barred. We reverse that judgment and remand for further proceedings.

17

### III. Statutory claims

Jason also contends that the circuit court erred in holding that his claims in Count V for relief under the Maryland Consumer Debt Collection Act were time barred. National Loan responds that the claims were time-barred because all of the alleged violations occurred more than three years before Jason's complaint was filed. In his brief in our Court, Jason argued that, because of National Loan's failure to disclose that it did not hold a license, the discovery rule should extend the time for filing claims for relief under the consumer protection statutes. National Loan points out that Jason has provided no case supporting a duty to disclose a lack of debt collection license. But, even if we assume *arguendo* that National Loan had a duty to disclose its licensing status to Jason, he would have nevertheless been on inquiry notice of the fact that this company was pursuing a collection action against him at some point early in 2009. If not when he was served with the District Court complaint, and if not when he received notice of the judgment that had been entered against him on March 31, 2009, Jason certainly was on inquiry notice to investigate potential legal actions against National Loan when they garnished his bank account in April 2009. Because Jason waited more than three years to file his complaint seeking relief under the Maryland Consumer Debt Collection Act and the Maryland Consumer Protection Act, the claims asserted in Count V were barred by limitations. We shall affirm that portion of the judgment entered by the circuit court.[7]

---

[7]Jason did not argue that his claims in Count V qualified for the twelve-year statute of limitations applicable to "other specialties" pursuant to CJP §5-102(a)(6). The test for "determining when a statutory action falls within CJP §5-102(a)(6)" was set forth in *Master*

(continued...)

**JUDGMENT OF THE CIRCUIT COURT FOR BALTIMORE CITY AFFIRMED IN PART AND REVERSED IN PART. CASE REMANDED FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION. COSTS TO BE PAID ONE-THIRD BY APPELLANT AND TWO-THIRDS BY APPELLEE.**

---

[7](...continued)

*Financial*, *supra*, 409 Md. at 70. As the Court noted in *Master Financial*: "It is evident . . . from our cases that the 'other specialty' [provision] stated in CJP § 5–102(a)(6) is a relatively narrow catchall that does not suffice to exempt from the three-year period every claim that happens to be based in some way on a statute." *Id*. *See also NVR Mortgage Finance, Inc. v. Carlsen*, 439 Md. 427, 429 (2014) (holding that "an alleged violation of [Comm. Law] § 12–805(d) is not an 'other specialty' under CJP § 5–102(a)(6), and thus is subject to CJP § 5–101, which is the default three-year statute of limitations."); *AGV Sports Group, supra*, 417 Md. at 401 ("[W]e hold that a claim brought under the MTCPA [*i.e.*, the Maryland Telephone Consumer Protection Act] is not a specialty within the meaning of CJP § 5-102(a)(6) '[a]ny other statutory specialty.'").

19