10 A.3d 745

**AGV SPORTS GROUP, INC., et al.**

v.

**PROTUS IP SOLUTIONS, INC., et al.**

**Misc. No. 2, Sept. Term, 2010.**

Court of Appeals of Maryland.

Dec. 20, 2010.

Michael C. Worsham, Forest Hill, Maryland, for appellants.

Mary Ann L. Wymore (Ryan J. Gavin and David P. Niemeier of Greensfelder, Hemker & Gale, P.C., St. Louis, Missouri; Dana Whitehead McKee of Brown, Goldstein & Levy, LLP, Baltimore, MD), on brief, for appellee.

Argued before BELL, C.J., HARRELL, BATTAGLIA, GREENE, MURPHY, ADKINS and BARBERA, JJ.

BARBERA, J.

We have before us a question of law certified by the United States District Court for the District of Maryland pursuant to the Maryland Uniform Certification of Questions of Law Act, Maryland Code (1973, 2006 Repl.Vol.), §§ 12–601 to 12–613 of the Courts and Judicial Proceedings Article. We are asked to decide whether the Maryland Telephone Consumer Protection Act ("MTCPA"), Maryland Code (1975, 2005 Repl.Vol.), §§ 14–3201 to 14–3202 of the Commercial Law Article ("CL"), is a statutory specialty as contemplated by Maryland Code (1974, 2006 Repl.Vol.), § 5–102(a)(6) of the Courts and Judicial Proceedings Article. If an action is such a specialty, § 5–102 provides that an action on it "shall be filed within 12 years after the cause of action accrues . . . ." For the reasons that follow, we hold that the MTCPA is not a statutory specialty.

I.

We adopt the following facts set forth by the United States District Court for the District of Maryland.[1]

Seven Plaintiffs, both individuals and corporations, have filed this action alleging violation of the federal Telephone Consumer Protection Act and the Maryland Telephone Consumer Protection Act. Plaintiffs allege they received hundreds of unsolicited facsimile advertisements transmitted to their fax machines by the lone remaining Defendant, Protus IP Solutions, Inc. The advertisements promoted travel packages, health care discounts, toner, office equipment, life insurance, mortgages and other products and services. None of the Plaintiffs had a business relationship with Protus or the vendors whose advertisements appeared in the faxes, or had given prior consent to receive the "junk faxes."

---

**1.** Pursuant to the Maryland Certified Uniform Questions Act, we accept the statement of facts provided by the certifying court. *See, e.g., Reed v. Campagnolo,* 332 Md. 226, 228, 630 A.2d 1145, 1146 (1993). We only "answer questions of state law," *Mercantile–Safe Deposit & Trust Co. v. Purifoy,* 280 Md. 46, 54, 371 A.2d 650, 655 (1977), and may go no further than the question certified, *Public Serv. Comm'n v. Highfield Water Co.,* 293 Md. 1, 10, 441 A.2d 1031, 1035 (1982).

Plaintiffs allege Protus sent 882 unsolicited faxes to Plaintiffs since the effective date of the Maryland TCPA, some of which were sent over three years before the pending law suit was filed on December 17, 2008. The general statute of limitations in Maryland is three years under Courts and Judicial Proceedings ("CJP") § 5–101, which is the default period that applies unless another limitations period is applicable. Section § 5–102 of the CJP creates a twelve year statute of limitations for a cause of action brought under a "specialty" statute.... Plaintiffs contend that the Maryland TCPA is a specialty statute, and therefore that the appropriate limitations period in this case should be twelve years. Defendants maintain that the Maryland TCPA is not a specialty and is therefore subject to the general three year limitations period, such that any faxes Protus sent over three years prior to Plaintiffs filing this cause of action are not properly at issue in this case.

(Internal citations omitted).

The District Court determined that the limitations issue generated by the above facts involves a question of unresolved Maryland law and, thus, should be decided by this Court. The District Court therefore was prompted to certify the following question to this Court:

Is the Maryland Telephone Consumer Protection Act a statutory "specialty" law with a statute of limitations of twelve years pursuant to Maryland Courts and Judicial Proceedings § 5–102(a)(6)?

## II.

### *The MTCPA*

The MTCPA is entitled "Violations of certain federal laws and regulations prohibited" and declares in pertinent part: "A person may not violate ... [t]he Telephone Consumer Protection Act...."[2] The history of the MTCPA reflects

---

2. CL § 14–3201 of the MTCPA provides in full:
 A person may not violate:

that it was enacted "merely to enable a private right of action under the TCPA...." *Worsham v. Ehrlich,* 181 Md.App. 711, 730, 957 A.2d 161, 172 (2008).

 The federal TCPA, 47 U.S.C. § 227, and by implication, the MTCPA, seek to discourage and prevent unsolicited advertisements over the telephone lines. *See, e.g., Portuguese American Leadership Council of the United States, Inc. v. Investors' Alert, Inc.,* 956 A.2d 671, 674 (D.C.2008) (explaining that the federal TCPA targets the "increased use of automated telephone equipment to make telephone calls in bulk and fax unsolicited advertisements that cross state lines and fall outside the regulatory jurisdiction of individual states"). The unsolicited sending of faxes is among the conduct prohibited by the federal TCPA. *See* 47 U.S.C. § 227(b)(1)(C), (b)(3) (2005) (making it unlawful, with limited exceptions, "to use any telephone facsimile machine ... to send, to a telephone facsimile machine, an unsolicited advertisement....").

The MTCPA, unlike certain other Maryland statutes,[3] does not declare a period within which an action brought under it must be filed. The limitations period for actions brought under the MTCPA, therefore, are governed by the relevant statute of limitations of the Courts and Judicial Proceedings Article ("CJP"). The parties in the case before the District Court, as we have noted, dispute the applicability to the MTCPA of the twelve-year limitations period for "specialties," set forth in CJP § 5–102.

---

(1) The Telemarketing and Consumer Fraud and Abuse Prevention Act, 15 U.S.C. §§ 6101 through 6108, as implemented by the Federal Trade Commission in the Telemarketing Sales Rule (16 C.F.R. Part 310); or

(2) The Telephone Consumer Protection Act, 47 U.S.C. § 227, as implemented by the Federal Communications Commission in the Restrictions on Telemarketing and Telephone Solicitations Rule (47 C.F.R. Part 64, Subpart L).

**3.** *See, e.g.,* Md.Code (2009 Repl.Vol.), § 11–209(d) of the Commercial Law Article (providing a four-year limitation period for claims brought under the Maryland Antitrust Act).

▆▆▆ In Maryland, the default rule, for limitations purposes [4] is that a "civil action at law shall be filed within three years from the date it accrues." CJP § 5–101. This limitations period reflects "a legislative judgment of what is deemed an adequate period of time in which a person of ordinary diligence should bring his action." *Philip Morris USA, Inc., v. Christensen,* 394 Md. 227, 240, 905 A.2d 340, 348 (2006) (quotation marks and citations omitted). The General Assembly, however, has legislated numerous exceptions to the three-year limitations period. *See, e.g.,* CJP §§ 5–103 (adverse possession); 5–104 (public officer's bond); 5–105 (assault, libel, or slander). The exception at issue here, set forth in CJP § 5–102, entitled "Specialties," provides, in relevant part, as follows:

(a) *Twelve-year limitation.*—An action on one of the following specialties shall be filed within 12 years after the cause of action accrues, or within 12 years from the date of the death of the last to die of the principal debtor or creditor, whichever is sooner:

(1) Promissory note or other instrument under seal;

(2) Bond except a public officer's bond;

(3) Judgment;

(4) Recognizance;

(5) Contract under seal; or

(6) Any other specialty.

An action brought under the MTCPA is not included in CJP § 5–102(a)(1) through (5), leaving for us to decide only whether such action comes within the meaning of CJP § 5–102(a)(6), "[a]ny other specialty."

---

**4.** Statutes of limitations of course are designed to encourage timely dispositions to avoid the loss of evidence and distortion of memories that make accurate results less likely. *See, e.g., Bertonazzi v. Hillman,* 241 Md. 361, 367, 216 A.2d 723, 726 (1966) (Statute of limitations are "designed primarily to assure fairness to defendants on the theory that claims, asserted after evidence is gone, memories have faded, and witnesses disappeared, are so stale as to be unjust.").

Absent from the CJP § 5–102 is a definition of "[a]ny other specialty."[5] To resolve whether an action under the MTCPA is a specialty, however, we do not write on a clean slate. Two recent decisions, *Greene Tree Home Owners Ass'n v. Greene Tree Assocs.*, 358 Md. 453, 749 A.2d 806 (2000), and *Master Fin., Inc., v. Crowder*, 409 Md. 51, 972 A.2d 864 (2009), provide the analysis.

In *Greene Tree*, we considered whether claims brought under Maryland's Consumer Protection Act ("CPA")[6] are based on a statutory specialty. The Petitioners in *Greene Tree*, who sought damages for alleged violations of the CPA that arose from the Respondents' defective roof construction, challenged on appeal the ruling of the Circuit Court that the claims brought under the CPA do not constitute a specialty within the purview of CJP § 5–102(a)(6). We observed that "attempts to identify a statutory specialty by defining the nexus between a claim and the statute at issue have led to complexities and, arguably, conflicting results." *Greene Tree*, 358 Md. at 481–82, 749 A.2d at 821.[7] We refrained from announcing in that case a specific definition of "[a]ny other specialty." We satisfied ourselves with the explanation that statutory specialties "usually have involved an action of debt for a fixed or determinable sum." *Id.*, 749 A.2d at 821. We

5. CJP § 5–102's legislative history provides little insight into the meaning of the phrase. The Revisor's Note to CJP § 5–102 indicates that "[a]ny other specialty" includes statutes merchant and statutes of staple, two types of specialties that were listed specifically in the former CJP § 5–102, Art. 57, § 3. *See* Md.Code (1974), Revisor's Note following CJP § 5–102. Rest assured, claims brought under the MTCPA are not similar to these specialties, both of which are historical relics involving expedited procedures to settle debt.

6. The CPA is found at Maryland Code (1975, 2005 Repl.Vol.), §§ 13–101 through 13–501 of the Commercial Law Article.

7. For one such inconsistency, *compare Mattare v. Cunningham*, 148 Md. 309, 129 A. 654 (1924) (holding that an action to recover an award granted by the State Industrial Accident Commission was a specialty because the right to the award stemmed solely from statute), *with Mayor and Council of Balt. v. Household Fin. Corp.*, 168 Md. 13, 176 A. 480 (1935) (finding that an action to recover overpayment of taxes to the county government pursuant to statute was not a specialty).

noted, too, that "the form of action of debt strongly indicates that a claim for unliquidated damages is not one based on a statutory specialty." *Id.* at 476, 749 A.2d at 818.

We found significant that CL § 13–408 of the CPA [8] authorizes litigants to "recover for injury or losses sustained ... as a result of" violations of the CPA. We noted that such claims are "consistent with the types of claims embraced by CJP § 5–101 [the three-year limitations period]," for which "the fullness of time weighs heavily against the preservation of the evidence that frequently depends upon imperfect memory or informal writings...." *Id.* at 480, 749 A.2d at 820 (quoting *Roland Electrical Co. v. Black,* 163 F.2d 417, 424 (4th Cir.1947)). That is to say, claims brought under the CPA include the type of damages sought by the plaintiff in *Greene Tree,* which "involve[d] the cost of cure, diminution in value, and loss of rental income[,]" none of which costs is a liquidated or fixed sum. *Greene Tree,* 358 Md. at 477, 749 A.2d at 818.

We pointed out that, "[w]ere we to hold ... that an action based upon the CPA is one based on a statutory specialty, the holding would apply to any action that might be brought under the CPA." *Id.* at 480, 749 A.2d at 820. We declined Petitioner's invitation to find certain CPA claims to be specialties while others not, because doing so would be "inconsistent with the purpose of the distinction between the three year and the twelve year statutes of limitations." *Id.,* 749 A.2d at 820. We recognized, therefore, that it would be bad "public policy" to hold that the CPA is a statutory specialty. *See id.,* 749 A.2d at 820.

We concluded that it was unnecessary to "attempt to state an all-encompassing definition of a statutory specialty. *In the case before us* it is sufficient to hold that a statutory specialty

---

8. CL § 13–408, entitled "Action for damages," provides, in relevant part, as follows:

(a) *Actions authorized.*—In addition to any action by the Division or Attorney General authorized by this title and any other action otherwise authorized by law, any person may bring an action to recover for injury or loss sustained by him as the result of a practice prohibited by this title.

does not lie for unliquidated damages, and we so hold." [9] *Id.* at 482, 749 A.2d at 821 (emphasis added).

 Nine years later we again addressed statutory specialties, in *Crowder*. In that case, we determined, among other issues,[10] whether claims based on the State Secondary Mortgage Loan Law ("SMLL") [11] constitute a specialty, under CJP § 5–102(a)(6). We looked to the analysis employed in *Greene Tree*, emphasizing the "undisputed proposition[ ] that, although claims based on a statute *may* fall within the meaning of 'other specialty' under CJP § 5–102(a)(6), not all claims based in some way on rights, duties, obligations, prohibitions or remedies mentioned or provided for in a statute *do* fall within that category." *Crowder*, 409 Md. at 66, 972 A.2d at 873. We offered a "workable general principle" for determining when a statutory action constitutes an "[a]ny other specialty." That framework has the following criteria:

> (1) the duty, obligation, prohibition, or right sought to be enforced is created or imposed solely by the statute, or a related statute, and does not otherwise exist as a matter of common law; (2) the remedy pursued in the action is authorized solely by the statute, or a related statute, and does not otherwise exist under the common law; and (3) if the action is one for civil damages or recompense in the nature of civil damages, those damages are liquidated, fixed,

---

**9.** We later clarified that *Greene Tree* should not be read to hold that "an action for unliquidated damages cannot constitute a specialty," because that is not what the Court said or held. *Crowder*, 409 Md. at 70, 972 A.2d at 875. "We made no such express ruling and, indeed, refrained from adopting *any* encompassing definition of a statutory specialty, being content merely to hold that an action for unliquidated damages under the CPA did not constitute a statutory specialty." *Id.*, 972 A.2d at 875 (internal quotation marks omitted).

**10.** Petitioners in *Crowder* also brought claims under the CPA. We noted that our holding in *Greene Tree* controlled such that the CPA claims were subject to CJP § 5–101's three-year statute of limitations. *See Crowder*, 409 Md. at 65, 972 A.2d at 872.

**11.** The SMLL is found at Maryland Code (1974, 2005 Repl.Vol.), §§ 12–401 to 12–415 of the Commercial Law Article.

or, by applying clear statutory criteria, are readily ascertainable.

*Id.* at 70, 972 A.2d at 875. When all three criteria are met, the statutory action constitutes a specialty under CJP § 5–102(a)(6).

Applying that framework to the SMLL, we focused in part on the remedies available under the SMLL. We noted that § 12–413 of the SMLL,[12] which provides for civil penalties for violations of its provisions, authorizes the forfeiture of interest and unlawfully assessed fees. *Crowder* at 72, 972 A.2d at 876. We concluded not only that the rights, duties, obligations, and remedy were solely the product of the SMLL, but also that the damages were for a fixed, determinable amount. *Id.* at 72, 972 A.2d at 876. Therefore, SMLL-based claims fall within the "narrow-catchall" that is the "[a]ny other specialty" provision. *See id.* at 70, 972 A.2d at 876.

*Greene Tree* and *Crowder* establish the guideposts for deciding whether an action under the MTCPA is, or is not, a specialty within the meaning of § 5–102(a)(6). With these cases in mind we turn to the parties' arguments.

AGV argues that the MTCPA is a specialty within the purview of CJP § 5–102(a)(6) because, according to AGV, the MTCPA satisfies all of the *Crowder* criteria. With regard to the first criterion, AGV argues that the MTCPA creates duties, obligations, prohibitions, or rights solely by the federal TCPA and the Federal Trade Commission's Telemarketing and Consumer Fraud and Abuse Prevention Act, which did not exist at common law. AGV argues that the second *Crowder* criterion is met because certain of the remedies provided by the Act, $500 per unsolicited fax or actual dam-

---

**12.** SMLL § 12–413 provides:

Except for a bonafide error of computation, if a lender violates any provision of the subtitle he may collect only the principle amount of the Loan and may not collect any interest, costs, or other charges with respect to the Loan. In addition, a lender who knowingly violates any provision of this subtitle also shall forfeit to the borrower three times the amount of interest and charges collected in excess of that authorized by law.

ages and reasonable attorney's fees, are authorized solely by statute. Further, according to AGV, the MTCPA satisfies the third criterion set forth in *Crowder* because the authorized civil damages are liquidated, fixed, or readily ascertainable by applying clear statutory criteria.

Protus responds with a number of reasons why the MTCPA is not a statutory specialty. First, in the view of Protus, the "specialty" to which CJP § 5–102(a)(6) refers is a "legal instrument under seal" or a "contract under seal," neither of which is present in claims brought under the MTCPA. Second, the introductory clause in CJP § 5–102 refers to a "principal debtor or creditor" and to the "payment of principal or interest," neither of which is involved in MTCPA claims. Third, the holdings in *Greene Tree* and *Crowder* reflect that the "[a]ny other specialty" provision of CJP § 5–102(a) is a narrow catchall that typically involves actions of debt for a fixed or readily determinable sum. Protus also contends that the MTCPA fails the "specialty" criteria set forth in *Crowder* because the same rights protected through MTCPA suits are also vindicated under the common law actions of conversion and trespass to chattel; consequently, the MTCPA is not the exclusive source of a duty, obligation, prohibition, or right. Finally, the MTCPA authorizes actual damages and reasonable attorneys' fees, which are not liquidated nor readily ascertainable.

We need not address all of the parties' arguments for and against recognizing the MTCPA as an "other specialty," under CJP § 5–102(a)(6). Examination of the remedies available under the MTCPA, even without further consideration of the statute, discloses why it is not a specialty.

The remedies subsection of § 14–3202 provides:

*Remedies.*—In addition to the remedies provided in § 13–408 of this article [i.e., Maryland's Consumer Protection Act], an individual who is affected by a violation of this subtitle may bring an action against a person that violates this subtitle to recover:

(1) Reasonable attorney's fees; and

**(2) Damages in the amount of the greater of:**

**(i)** $500 for each violation; or

**(ii) Actual damages sustained as a result of the violation.**

CL § 14–3202(b) (emphasis added).[13]

The statute provides expressly that, in addition to the remedies available under the Maryland Consumer Protection Act, a party affected by a violation of the MTCPA is entitled to recover reasonable attorney fees and, as is also provided by the federal TCPA, the greater amount of actual damages or $500 per violation. In other words, the available remedies under the MTCPA include not only non-liquidated damages available under the Maryland Consumer Protection Act, which remedies, we held in *Greene Tree*, drove our holding that a claim brought under Maryland's CPA is not an "[a]ny other specialty," but also actual damages in lieu of the $500 statutory damages.

 Actual damages, by definition, are not liquidated or for a fixed sum.[14] Rather, actual damages require proof of

---

**13.** CL § 14–3202 provides in full:

> (a) *Violations.*—A violation of this subtitle is an unfair or deceptive trade practice within the meaning of Title 13 of this article and is subject to the enforcement and penalty provisions contained in Title 13 of this article.
>
> (b) *Remedies.*—In addition to the remedies provided in § 13–408 of this article, an individual who is affected by a violation of this subtitle may bring an action against a person that violates this subtitle to recover:
>
> (1) Reasonable attorney's fees; and
>
> (2) Damages in the amount of the greater of:
>
> (i) $500 for each violation; or
>
> (ii) Actual damages sustained as a result of the violation.
>
> (c) *Separate Violations.*—For purposes of this section, each prohibited telephone solicitation and each prohibited practice during a telephone solicitation is a separate violation.
>
> Section (b) is the same as the federal TCPA's remedy provision in that the plaintiff has the option to seek actual damages, among other remedies. *See* 47 U.S.C. § 227(b)(3).

**14.** Actual damages are defined as "[a]n amount awarded to a complainant to compensate for a proven injury or loss; damages that repay actual losses." BLACK'S LAW DICTIONARY 418 (8th ed.2004).

actual loss, the amount of which is determined by the fact-finder. Liquidated damages involve a fixed sum that is determined at the time of contract formation.[15] In the context of MTCPA claims, actual damages could involve, for example, the costs of the paper and ink used in processing the unsolicited faxes, diminution in the value of the facsimile machine associated with the receipt of those unsolicited faxes, and the lost employee productivity associated with the receipt, review, and disposal of the unwanted faxes, none of which is a fixed or liquidated sum. *Cf. Greene Tree*, 358 Md. at 476, 749 A.2d at 818 (discussing the unliquidated damages involved in CPA claims). The MTCPA is akin to the CPA, which we have held not to be an "other specialty" under CJP § 5–102(a)(6), because, at least insofar as a claim for actual damages is concerned, the damages involved are not fixed or readily ascertainable. The availability of actual damages distinguishes the MTCPA from the SMLL, which is a specialty under CJP § 5–102(a)(6) because, inter alia, "ascertainment of [the damages] is readily ascertainable." *Crowder*, 409 Md. at 72, 972 A.2d at 876. We therefore conclude that, consistent with *Greene Tree* and the framework articulated in *Crowder*, claims brought under the MTCPA do not fall within the "relatively narrow catchall" that is § 5–102(a)(6)'s "[a]ny other specialty."

In addition, as Protus explained in its brief, the common law actions of trespass to chattel and conversion are oftentimes pursued in conjunction with TCPA-based claims. *See Chair King v. Houston Cellular Corp.*, 131 F.3d 507, 509 (involving plaintiff's federal TCPA and trespass to chattel claims); *j2 Global Communs. v. Blue Jay, Inc.*, No. C 08–4254 PJH, 2009 WL 29905 (N.D.Cal. filed Jan. 5, 2009) (same); *Clean Air Council v. Dragon Int'l Group*, No. 1:CV–06–0430, 2008 WL 4452353 (M.D.Pa. filed Sept. 30, 2008) (involving plaintiff's federal TPCA, trespass to chattel, and conversion claims).

---

**15.** Liquidated damages are defined as "[a]n amount contractually stipulated as a reasonable estimation of actual damages to be recovered by one party if the other party breaches." Black's Law Dictionary 418 (8th ed.2004).

Though we base our decision in this case on the non-liquidated damages authorized by the MTCPA, the facts that the same remedies available under the MTCPA (option of actual damages) and conduct prohibited by the MTCPA are addressed by the common law actions of trespass to chattel and conversion—in light of the *Crowder* criteria—further supports our conclusion.[16]

AGV, seeking to avoid the conclusion to which we have come, contended during oral argument before us that, because virtually all claims brought under the MTCPA plead the statutory damages of $500, those claims should be afforded "[a]ny other specialty" treatment. AGV, however, did not provide any authority in support of that proposition, and we could find none. The only authority—albeit dicta—relevant to this proposition that we could locate is contrary to AGV's position. In *Greene Tree*, we rejected the argument that, based on public policy grounds, certain CPA-based actions should be afforded statutory specialty treatment while others not, explaining that "[w]ere we to hold, however, that an action based upon the CPA is one based on a statutory specialty, the holding would apply to any action that might be brought under the CPA." 358 Md. at 480, 749 A.2d at 820. We appear to have suggested in *Greene Tree* that the answer to the question

---

**16.** This conclusion to which we have come also comports with the distinct rationales that undergird the three-year and twelve-year limitations periods. *See Greene Tree*, 358 Md. at 480, 749 A.2d at 820 (explaining that actions such as trespass, trover, contract, and slander, which frequently depend on "imperfect memory or informal writings, are found in the three-year category, while actions on formal instruments or records ... are subject to the twelve year period"). Claims brought under the MTCPA, like the one brought in the present case, involve not only evidence of the alleged unsolicited facsimiles and evidence that those facsimiles originated from the defendant's network, but also evidence necessary to plead defenses of an "established business relationship," and/or consent to receive the solicitation. *See* 47 U.S.C. § 227(b)(1)(C)(i). We mention this not because "[r]elative ease of proof ... is [] a requisite element[]" for a statutory specialty. *Crowder*, 409 Md. at 71, 972 A.2d at 876. We do so only for the purpose of observing that ease of proof, an element common to the specifically identified specialties, *see* CJP § 5–102(a)(1) through (a)(5), does not characterize MTCPA-based claims.

whether a statute is an "[a]ny other specialty" under CJP § 5–102(a)(6) cannot be based on whether some, or even most of the time, the claims brought seek a remedy that is fixed or readily ascertainable.

In sum, we hold that a claim brought under the MTCPA is not a specialty within the meaning of CJP § 5–102(a)(6) "[a]ny other statutory specialty." We therefore answer "no" to the question certified to us by the District Court.

**CERTIFIED QUESTION OF LAW ANSWERED AS SET FORTH ABOVE. COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.**

