NVR Mortgage Finance, Inc., et al. v. Soren Carlsen, Misc. No. 11, September Term, 2013

**FINDER'S FEE ACT – STATUTE OF LIMITATIONS – OTHER SPECIALTY –** Court of Appeals held that alleged violation of Md. Code Ann., Com. Law (1975, 2013 Repl. Vol.) § 12-805(d) (which is part of Maryland Finder's Fee Act) is not "other specialty" under Md. Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol.) ("CJP") § 5-102(a)(6) (which is twelve-year statute of limitations), and thus is subject to CJP § 5-101 (which is default three-year statute of limitations).

United States District Court for
the District of Maryland
Civil No. WDQ-12-1524

Argued: June 4, 2014

IN THE COURT OF APPEALS

OF MARYLAND

Misc. No. 11

September Term, 2013
_____

NVR MORTGAGE FINANCE, INC., ET AL.

v.

SOREN CARLSEN
_____

Barbera, C.J.
Harrell
Battaglia
Greene
Adkins
McDonald
Watts,

JJ.
_____

Opinion by Watts, J.
_____

Filed: July 21, 2014

The United States District Court for the District of Maryland ("the federal court") certified to this Court the following question of law: "Is [an alleged violation of] the Maryland Finder's Fee Act [("the FFA"), Md. Code Ann., Com. Law (1975, 2013 Repl. Vol.) ("CL") §§ 12-801 to 12-809,] a[n] '[other] specialty' . . . under [Md. Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol.) ("CJP")] § 5-102(a)(6)[, which is a twelve-year statute of limitations]?"

Because this case involves only CL § 12-805(d), we reformulate the certified question of law[1] as follows: "Is an alleged violation of Md. Code Ann., Com. Law (1975, 2013 Repl. Vol.) § 12-805(d) an 'other specialty' under Md. Code Ann., Cts. & Jud. Proc. (1973, 2013 Repl. Vol.) § 5-102(a)(6), which is a twelve-year statute of limitations?"

We answer the reformulated certified question of law "no" and hold that that an alleged violation of CL § 12-805(d) is not an "other specialty" under CJP § 5-102(a)(6), and thus is subject to CJP § 5-101, which is the default three-year statute of limitations.

## BACKGROUND

In the certification order, the federal court stated the following facts,[2] which we summarize.

In 2004, Soren Carlsen ("Carlsen"), Appellee, and NVR, Inc., Appellant, entered into a contract under which NVR, Inc. would build a home for Carlsen, who would use

---

[1]This Court "may reformulate a question of law certified to it." CJP § 12-604.

[2]Where another court certifies a question of law to this Court, this Court "accept[s] the statement of facts" in the certification order. Lewis v. Waletzky, 422 Md. 647, 651 n.2, 31 A.3d 123, 125 n.2 (2011) (citations omitted).

NVR Mortgage Finance, Inc. ("NVR Mortgage"), Appellant,[3] to obtain financing for the home. Carlsen applied for a mortgage from NVR Mortgage, but Carlsen and NVR Mortgage did not close on the mortgage. Afterward, Carlsen used NVR Mortgage to apply for a mortgage from C&F Mortgage Corporation. In 2005, Carlsen and C&F Mortgage Corporation closed on the mortgage, and Carlsen paid NVR Mortgage a broker fee.

More than three but fewer than twelve years later, in the Circuit Court for Baltimore County, Carlsen sued NVR Mortgage and NVR, Inc. (together, "NVR"), for allegedly violating CL § 12-805(d) by failing to make certain disclosures to Carlsen and similarly situated homebuyers before collecting finder's fees for brokering mortgages.[4] NVR removed this case to the federal court, in which NVR moved to certify a question of law to this Court. The federal court granted the motion to certify and stayed proceedings in the federal court pending this Court's response.

## DISCUSSION

NVR contends that an alleged violation of CL § 12-805(d) is not an "other specialty" under CJP § 5-102(a)(6) because, in an action for an alleged violation of CL § 12-805(d), the duty sought to be enforced exists as a matter of common law, rather than having been created solely by CL § 12-805(d). Alternatively, NVR argues that the

---

[3]For purposes of proceedings in this Court, the federal court designated NVR, Inc. and NVR Mortgage as "Appellants" and Carlsen as "Appellee."

[4]Specifically, Carlsen alleged that NVR failed to disclose: (1) the finder's fee in a separate written agreement; (2) the terms of the proposed broker agreement before NVR undertook to assist him in obtaining a loan; and (3) the amount of the finder's fee.

General Assembly intended an alleged violation of CL § 12-805(d) not to be an "other specialty" under CJP § 5-102(a)(6), as the General Assembly enacted CJP § 5-101 (which is the default three-year statute of limitations) in 1973, and enacted CL § 12-805(d) in 1979. Alternatively, NVR asserts that, here, the alleged violation of CL § 12-805(d) is not an "other specialty" under CJP § 5-102(a)(6) because Carlsen does not seek damages that are liquidated, fixed, or readily ascertainable by applying clear statutory criteria.

Carlsen responds that an alleged violation of CL § 12-805(d) is an "other specialty" under CJP § 5-102(a)(6) because, in an action for an alleged violation of CL § 12-805(d), the duty sought to be enforced is created solely by CL § 12-805(d), rather than existing as a matter of common law. Carlsen contends that the General Assembly intended an alleged violation of CL § 12-805(d) to be an "other specialty" under CJP § 5-102(a)(6), as, during the General Assembly's 2012 Regular Session, the House Economic Matters Committee gave an unfavorable report to House Bill 674, which would have added a three-year statute of limitations to the FFA. Carlsen argues that, here, the alleged violation of CL § 12-805(d) is an "other specialty" under CJP § 5-102(a)(6) because he seeks damages that are readily ascertainable by applying clear statutory criteria.

Unabridged, CL § 12-805(d) (which is part of the FFA) states:

(1) A finder's fee may not be charged unless it is pursuant to a written agreement between the mortgage broker and the borrower which is separate and distinct from any other document.
(2) The terms of the proposed agreement shall:
(i) Be disclosed to the borrower before the mortgage broker undertakes to assist the borrower in obtaining a loan or advance of money;
(ii) Specify the amount of the finder's fee; and
(iii) Contain a representation by the mortgage broker that the mortgage broker is acting as a mortgage broker and not as a lender in the

transaction.

(3) A copy of the agreement, dated and signed by the mortgage broker and the borrower, shall be provided to the borrower within 10 business days after the date the loan application is completed.

"Any mortgage broker who violates any provision of [the FFA] shall forfeit to the borrower the greater of: (1) Three times the amount of the finder's fee collected; or (2) The sum of $500." CL § 12-807 (paragraph breaks omitted). The FFA does not contain a statute of limitations.

CJP § 5-101 provides: "A civil action at law shall be filed within three years from the date it accrues unless another provision of the Code provides a different period of time within which an action shall be commenced." CJP § 5-102(a) states: "An action on one of the following specialties shall be filed within 12 years after the cause of action accrues . . . (1) Promissory note or other instrument under seal; (2) Bond except a public officer's bond; (3) Judgment; (4) Recognizance; (5) Contract under seal; or (6) Any other specialty." (Paragraph breaks omitted).[5]

Whether an alleged violation of CL § 12-805(d) is an "other specialty" under CJP § 5-102(a)(6) is the basis of the reformulated certified question of law. CJP § 5-102(a)(6) is a "'relatively narrow catchall[.]'" AGV Sports Grp., Inc. v. Protus IP Solutions, Inc., 417 Md. 386, 399, 10 A.3d 745, 753 (2010) (quoting Master Fin., Inc. v. Crowder, 409 Md. 51, 70, 972 A.2d 864, 875 (2009)). An alleged violation of a statute is an "other specialty" under CJP § 5-102(a)(6) if and only if:

---

[5]In 2014, the General Assembly amended CJP § 5-102(c). See 2014 Md. Laws Ch. 592. The amendment to CJP § 5-102(c) does not affect this case.

- 4 -

(1) the duty, obligation, prohibition, or right sought to be enforced is created or imposed solely by the statute, or a related statute, and does not otherwise exist as a matter of common law; (2) the remedy pursued in the action is authorized solely by the statute, or a related statute, and does not otherwise exist under the common law; and (3) if the action is one for civil damages or recompense in the nature of civil damages, those damages are liquidated, fixed, or, by applying clear statutory criteria, are readily ascertainable.

AGV Sports Grp., 417 Md. at 395-96, 10 A.3d at 750 (quoting Crowder, 409 Md. at 70, 972 A.2d at 875).

In Crowder, 409 Md. at 55, 70-72, 972 A.2d at 867, 875-76, this Court held that certain alleged violations of the Maryland Secondary Mortgage Loan Law ("the SMLL"), CL §§ 12-401 to 12-415, were "other specialt[ies]" under CJP § 5-102(a)(6). This Court stated:

(1) the duties, obligations, prohibitions, and rights sought to be enforced by the plaintiffs [were] created and imposed solely by the SMLL, (2) the remedy pursued—forfeiture of all interest and unlawfully assessed fees, or, in the class action cases, forfeiture of three times the amount of interest charged—[was] authorized solely by the SMLL, and (3) . . . those amounts [were] readily ascertainable.

Id. at 72, 972 A.2d at 876 (footnote omitted).

By contrast, in AGV Sports Grp., 417 Md. at 389, 398, 10 A.3d at 746, 752, this Court held that an alleged violation of the Maryland Telephone Consumer Protection Act ("the MTCPA"), CL §§ 14-3201 to 14-3202, is not an "other specialty" under CJP § 5-102(a)(6) because, in an action for an alleged violation of the MTCPA, a plaintiff can seek actual damages instead of liquidated damages. In *dicta*, this Court observed that "the common law actions of trespass to chattel and conversion" "addressed" both the duty sought to be enforced in an action for an alleged violation of the MTCPA and the

remedy pursued in an action for an alleged violation of the MTCPA. Id. at 400, 10 A.3d at 753.

Here, we conclude that an alleged violation of CL § 12-805(d) is not an "other specialty" under CJP § 5-102(a)(6) because, in an action for an alleged violation of CL § 12-805(d), the duty sought to be enforced exists as a matter of common law, rather than having been created solely by CL § 12-805(d). A mortgage broker owes to a borrower a common law duty to "disclose . . . all facts or information which may be relevant or material in influencing the judgment or action of the [borrower] in the matter." St. Paul at Chase Corp. v. Mfrs. Life Ins. Co., 262 Md. 192, 215-16, 278 A.2d 12, 24, cert. denied, 404 U.S. 857 (1971) (citations omitted).[6] Under CL § 12-805(d), a mortgage broker must disclose to a borrower in a prescribed manner a finder's fee's existence, which is information that may be relevant in influencing the borrower's judgment in the matter. An alleged violation of a statute is not an "other specialty" under CJP § 5-102(a)(6) where, in an action for an alleged violation of the statute, "the duty . . . sought to be enforced . . . exist[s] as a matter of common law[,]" rather than having been "created . . . solely by the statute[.]" AGV Sports Grp., 417 Md. at 395-96, 10 A.3d at 750 (quoting Crowder, 409 Md. at 70, 972 A.2d at 875)); see also AGV Sports Grp., 417 Md. at 389, 400, 10 A.3d at 746, 753 (This Court held that an alleged violation of the MTCPA is not an "other specialty" under CJP § 5-102(a)(6), and observed that "the

---

[6]In St. Paul at Chase, 262 Md. at 215-16, 201, 278 A.2d at 24, 17, although this Court stated that "a real estate broker" owes such a duty, this Court applied that duty to the defendant, which was "a mortgage broker."

common law actions of trespass to chattel and conversion" "addressed" both the duty sought to be enforced in an action for an alleged violation of the MTCPA and the remedy pursued in an action for an alleged violation of the MTCPA.).[7] Accordingly, an alleged violation of CL § 12-805(d) is not an "other specialty" under CJP § 5-102(a)(6), and thus is subject to CJP § 5-101, which is the default three-year statute of limitations.[8]

We reject Carlsen's contention that an alleged violation of CL § 12-805(d) is an

---

[7]An alleged violation of a statute is not an "other specialty" under CJP § 5-102(a)(6) where, in an action for an alleged violation of the statute, "damages are [not] liquidated, fixed, or" "readily ascertainable" "by applying clear statutory criteria[.]" AGV Sports Grp., 417 Md. at 395-96, 10 A.3d at 750 (quoting Crowder, 409 Md. at 70, 972 A.2d at 875).

Here, it is unclear whether Carlsen seeks readily ascertainable damages. In the complaint, Carlsen alleged that NVR "collected, directly or indirectly, at least []$7,782.48 in illegal and undisclosed fees from [Carlsen], and may have collected additional illegal fees." In the certification order, the federal court stated that, despite a "significant amount of discovery[,]" "Carlsen states that he cannot yet . . . determine the amount of finder's fees he has paid until additional discovery is completed." Similarly, in his brief, Carlsen stated: "[B]ecause of the state of discovery in this case," Carlsen "had not obtained a definitive answer to what indirect amounts . . . NVR received in connection with brokering" his mortgage. At oral argument, however, Carlsen's counsel conceded that Carlsen "may not be entitled to [indirect] damages." Thus, as this case illustrates, damages based on a finder's fee that a broker allegedly indirectly imposed may not be readily ascertainable in an action for an alleged violation of CL § 12-805(d).

Moreover, it is unclear whether, in an action for an alleged violation of CL § 12-805(d), CL § 12-807(1), like similar statutes which provide for treble damages, caps damages at "[t]hree times the amount of the finder's fee collected[.]" CL § 12-807(1) does not state whether treble damages constitute the sole remedy. This Court has not addressed whether treble damages are the sole remedy for a violation of CL § 12-805(d). Cf. Stevenson v. Branch Banking & Trust Corp., 159 Md. App. 620, 659, 861 A.2d 735, 758 (2004) (Writing for the Court of Special Appeals, the Honorable Sally D. Adkins explained that "the treble damages provision of [the Maryland Wage Payment and Collection Law] caps an employee's award at three times the unpaid wage.").

[8]Although we acknowledge that CL § 12-805(d)'s purpose is to protect borrowers, a court cannot create an "equitable exception" to a statute of limitations. Anderson v. United States, 427 Md. 99, 120, 46 A.3d 426, 438 (2012) (citation omitted).

"other specialty" under CJP § 5-102(a)(6) because, in an action for an alleged violation of CL § 12-805(d), the duty sought to be enforced is created solely by CL § 12-805(d), rather than existing as a matter of common law. Carlsen points out that, for example, under CL § 12-805(d)(1), a mortgage broker must disclose a finder's fee's existence in a "written agreement[.]" CL § 12-805(d) did not create a statutory duty for mortgage brokers; instead, CL § 12-805(d) prescribed the manner in which a mortgage broker must fulfill the mortgage broker's common law duty to the borrower to "disclose [certain] facts or information which may be relevant or material in influencing the judgment or action of the [borrower] in the matter." St. Paul at Chase, 262 Md. at 215-16, 278 A.2d at 24 (citations omitted). The duty sought to be enforced in an action for an alleged violation of a statute exists as a matter of common law, rather than having been created solely by the statute, where the statute prescribes the manner in which a common law duty must be fulfilled. See AGV Sports Grp., 417 Md. at 389, 400, 10 A.3d at 746, 753 (This Court held that an alleged violation of the MTCPA is not an "other specialty" under CJP § 5-102(a)(6), and observed that "the common law actions of trespass to chattel and conversion" "addressed" both the duty sought to be enforced in an action for an alleged violation of the MTCPA and the remedy pursued in an action for an alleged violation of the MTCPA, which prescribes the manner in which telemarketers must fulfill common law duties.). As NVR points out, if we accepted Carlsen's contention, then an alleged violation of any statute that supplements the common law in any superficial way would be an "other specialty" under CJP § 5-102(a)(6), which would no longer be a "'relatively narrow catchall[.]'" AGV Sports Grp., id. at 399, 10 A.3d at 753 (quoting Crowder, 409

- 8 -

Md. at 70, 972 A.2d at 875).

We are unpersuaded by Carlsen's reliance on Crowder, 409 Md. at 68, 972 A.2d at 874 ("If the statute imposes an obligation, and gives a special remedy therefor, which otherwise could not be pursued, but at the same time a remedy for the same matter exists at common law independently of the statute, and the statute does not take away the common law remedy, the bar of the statute [of limitations] is effectual when the common-law duty or liability is pursued, but is not applicable when the special statutory remedy is employed." (Alteration in original) (citation omitted)) for the contention that an alleged violation of CL § 12-805(d) is an "other specialty" under CJP § 5-102(a)(6) even if, in an action for an alleged violation of CL § 12-805(d), the duty sought to be enforced exists as a matter of common law, rather than having been created solely by CL § 12-805(d). An alleged violation of a statute is an "other specialty" under CJP § 5-102(a)(6) only if the statute creates **both** "the duty . . . sought to be enforced" in an action for an alleged violation of the statute **and** "the remedy pursued in [an] action" for an alleged violation of the statute. AGV Sports Grp., 417 Md. at 395, 10 A.3d at 750 (quoting Crowder, 409 Md. at 70, 972 A.2d at 875); see also Crowder, 409 Md. at 73, 972 A.2d at 877 (This Court held that certain alleged violations of the SMLL were "other specialt[ies]" under CJP § 5-102(a)(6) only insofar as the plaintiffs sought the statutory remedy of civil penalties instead of the common law remedy of having the loans declared void or voidable.).

We are unpersuaded by Carlsen's reliance on Minter v. Wells Fargo Bank, N.A., 274 F.R.D. 525, 553 (D. Md. 2011), in which the federal court held that an alleged

- 9 -

violation of the FFA is an "other specialty" under CJP § 5-102(a)(6). Although the federal court stated that "[t]he [FFA] meets [the *Crowder*, 409 Md. at 70, 972 A.2d at 875] requirements[,]" Minter, 274 F.R.D. at 553 (quoting Minter v. Wells Fargo Bank, N.A., 675 F. Supp. 2d 591, 595 n.4 (D. Md. 2009)), the federal court did not address whether, in an action for an alleged violation of the FFA, the duty sought to be enforced exists as a matter of common law, rather than having been created solely by the FFA. In Minter, 274 F.R.D. at 553, the federal court stated that, in a previously issued memorandum opinion, it had "addressed" the defendants' contention that "the fees proscribed and recoverable under the FFA are also recoverable under common law claims of unjust enrichment and for restitution[.]" In Minter, id. at 553, the federal court addressed only the remedy pursued in an action for an alleged violation of the FFA, not the duty sought to be enforced in an action for an alleged violation of the FFA. Thus, we decline to adopt Minter's reasoning insofar as it applies to CL § 12-805(d).[9]

Carlsen points out that, during the General Assembly's 2012 Regular Session (*i.e.*, after the federal court issued Minter, 274 F.R.D. 525), members of the General Assembly sponsored House Bill 674 and Senate Bill 451, which would have added a three-year statute of limitations to the FFA. The House Economic Matters Committee gave an

---

[9]Minter, 274 F.R.D. at 551, 551 n.31, was an action for alleged violations of both CL § 12-805(d) and CL § 12-804(e) ("A mortgage broker may not charge a finder's fee in any transaction in which the mortgage broker or an owner, part owner, partner, director, officer, or employee of the mortgage broker is the lender or an owner, part owner, partner, director, officer, or employee of the lender."). As noted above, this case involves only CL § 12-805(d). Thus, we do not address whether an alleged violation of any part of the FFA other than CL § 12-805(d) is an "other specialty" under CJP § 5-102(a)(6).

unfavorable report to House Bill 674, which its sponsors withdrew. Thus, Carlsen contends, the General Assembly intended an alleged violation of CL § 12-805(d) to be an "other specialty" under CJP § 5-102(a)(6).

We disagree. Because a bill might fail "for a myriad of [] reasons[,]" the bill's failure "is a rather weak reed upon which to lean in ascertaining [the General Assembly's] intent[.]" City of Balt. Dev. Corp. v. Carmel Realty Assocs., 395 Md. 299, 329, 910 A.2d 406, 424 (2006) (citation and internal quotation marks omitted). This principle is especially true here, as the record indicates that House Bill 674 and Senate Bill 451 failed primarily because they would have amended the FFA to allow finder's fees for "table funding." "A 'table-funded' transaction is a closing at which a loan is funded by a contemporaneous advance of loan funds and an assignment of the loan to the person advancing the funds." Petry v. Wells Fargo Bank, N.A., 597 F. Supp. 2d 558, 563 (D. Md. 2009) (citation and some internal quotation marks omitted); see also Marshall v. James B. Nutter & Co., 816 F. Supp. 2d 259, 261 (D. Md. 2011) (A "table-funded" transaction is one in which an individual advances funds to a broker, who, in turn, makes the loan and then, upon closing, immediately assigns the loan to the individual, the actual funding party.).

House Bill 674 and Senate Bill 451 were entitled: "Credit Regulation - Finder's Fees - Table-Funded Loans." House Bill 674's and Senate Bill 451's purpose paragraphs stated:

> FOR the purpose of altering the definitions of "finder's fee", "lender", and "mortgage broker" for purposes of certain provisions of law governing finder's fees charged by mortgage brokers to clarify that, in a table-funded

mortgage loan transaction, fees charged by the person named as the lender in certain documents evidencing the loan indebtedness are not considered finder's fees; establishing a certain statute of limitations; defining a certain term; providing for the application of this Act; and generally relating to finder's fees.

Opposition to House Bill 674 was primarily based on amending the FFA to allow finder's fees for table funding, not adding a three-year statute of limitations to the FFA. Carlsen directs our attention to seven letters in which stakeholders urged the House Economic Matters Committee to give an unfavorable report to House Bill 674. In all seven letters, stakeholders opposed House Bill 674 on the ground that House Bill 674 would have amended the FFA to allow finder's fees for table funding. However, in fewer than half of the seven letters did stakeholders also oppose House Bill 674 on the ground that House Bill 674 would have added a three-year statute of limitations to the FFA. In most of the seven letters, stakeholders—including the Consumer Protection Division of the Office of the Attorney General and a law firm that identified itself as plaintiffs' counsel in <u>Bradley Petry, et al. v. Prosperity Mortgage Co., et al.</u>, which, at one point, was consolidated into <u>Minter</u>, 274 F.R.D. at 553, in which the federal court held that an alleged violation of the FFA is an "other specialty" under CJP § 5-102(a)(6)—did not even mention that House Bill 674 would have added a three-year statute of limitations to the FFA. Thus, the failure of House Bill 674 and Senate Bill 451 does not indicate that the General Assembly intended an alleged violation of CL § 12-805(d) to be an "other specialty" under CJP § 5-102(a)(6).

Indeed, there is evidence that the General Assembly intended an alleged violation of CL § 12-805(d) **not** to be an "other specialty" under CJP § 5-102(a)(6). The General

Assembly enacted CJP § 5-101 (which is the default three-year statute of limitations) in 1973, and enacted CL § 12-805(d) in 1979. CJP § 5-101's predecessor—Md. Code Ann., Art. 57 § 1 (1957)—listed multiple causes of action with a three-year limitations period. By contrast, CJP § 5-101 is "a blanket three-year provision, with exceptions for other limitations[.]" Revisor's Note, CJP § 5-101; see also Governor's Commission to Revise the Annotated Code, Commission Report No. 3F to the General Assembly of Maryland, at 40 (July 16, 1973) (CJP § 5-101 "is a blanket three[-]year limitation covering all civil causes of action for which no other limitation is specifically provided."); Greene Tree Home Owners Ass'n, Inc. v. Greene Tree Assocs., 358 Md. 453, 461 n.1, 749 A.2d 806, 810 n.1 (2000) (CJP § 5-101 is "a 'catch all' for actions based on statutes that internally did not provide a period of limitations."). Thus, in enacting statutes after enacting CJP § 5-101, the General Assembly has been aware that, generally, CJP § 5-101 applies to alleged violations of statutes that, like the FFA, do not contain statutes of limitations.

It is reasonable to infer that the General Assembly intended CJP § 5-101 to generally apply to alleged violations of statutes that the General Assembly enacted **after** enacting CJP § 5-101, whereas CJP § 5-102(a)(6) (which is the statute of limitations for "other specialt[ies]") would apply only to alleged violations of statutes that the General Assembly had enacted **before** enacting CJP § 5-101. Such an inference would comport with this Court's holdings in this and every other case in which this Court has considered CJP § 5-102(a)(6) after the General Assembly enacted CJP § 5-101 in 1973. Compare AGV Sports Grp., 417 Md. at 389, 10 A.3d at 746 (This Court held that an alleged violation of the MTCPA—which the General Assembly enacted in 2004—is not an

"other specialty" under CJP § 5-102(a)(6).) with Crowder, 409 Md. at 55, 70-72, 972 A.2d at 867, 875-76 (This Court held that certain alleged violations of the SMLL—which the General Assembly enacted in 1967—were "other specialt[ies]" under CJP § 5-102(a)(6).).[10]

For the above reasons, an alleged violation of CL § 12-805(d) is not an "other specialty" under CJP § 5-102(a)(6), and thus is subject to CJP § 5-101, which is the default three-year statute of limitations. Accordingly, we answer the reformulated certified question of law "no."

**REFORMULATED CERTIFIED QUESTION OF LAW ANSWERED. COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.**

---

[10]In Greene Tree Home Owners Ass'n, 358 Md. at 455, 461 n.1, 749 A.2d at 807, 810 n.1, this Court held that certain alleged violations of the Maryland Consumer Protection Act, CL §§ 13-101 to 13-501—whose private remedy provision the General Assembly enacted in 1973 before enacting CJP § 5-101—were not "other specialt[ies]" under CJP § 5-102(a)(6). This Court's holding in Greene Tree Home Owners Ass'n, id. at 455, 749 A.2d at 807, gives rise to the inference that, although the General Assembly intended CJP § 5-102(a)(6) to apply **only** to alleged violations of statutes that the General Assembly had enacted before enacting CJP § 5-101, the General Assembly did not necessarily intend CJP § 5-102(a)(6) to apply to alleged violations of **all** statutes that the General Assembly had enacted before enacting CJP § 5-101.